THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE NESBITT, Defendant-Appellant.

Fourth District   No. 4—91—0067

Opinion filed July 25, 1991.

Kristen H. Fischer, of Kristen H. Fischer Law Offices, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Bruce Nesbitt was found guilty of battery and sentenced to 300 days' imprisonment with no good-time credit. Defendant appeals his conviction and sentence, arguing the trial court erred in (1) denying his motion for a new trial based on the prosecutor's improper conduct and argument in his opening statement and closing argument; and (2) in sentencing him and in denying him good-time credit. We affirm.

Only those facts necessary to resolve the issues before us will be recited.

Defendant's battery conviction stems from an incident on September 15, 1990, at Barnett's Liquor Store in Champaign, Illinois, between defendant and the victim, Larry G. Cole. According to three eyewitnesses, defendant was first observed attempting to take a package from Cole outside the liquor store. The eyewitnesses then stated defendant jumped on Cole's back and pushed his head into the pavement after he fell. According to one eyewitness, defendant then kicked Cole in the head by raising his leg "like a football player kicking a field goal." The eyewitnesses testified Cole appeared to be intoxicated. The eyewitnesses also stated several of defendant's friends, who were observing the altercation with Cole, attempted to pull defendant off of Cole.

Cole testified the incident began outside the liquor store when defendant said to him "Hey, let me have some of your stuff," referring to the wine and beer Cole had just purchased at the store. After Cole said no, the two got into an argument.

Defendant testified he went to the liquor store to purchase liquor and, upon exiting the store with his purchase, he bumped into Cole,

who became mad and began using racial slurs against him. Defendant stated Cole threatened to spit in his face and, when defendant pushed Cole away, a fight between the two began. According to defendant, the two were wrestling together on the ground and he (defendant) kicked out at Cole.

The State called two eyewitnesses in rebuttal, both of whom stated defendant and Cole were not wrestling at any time during the altercation. One eyewitness, an employee of the store, testified he did not see defendant in the liquor store prior to the altercation with Cole on September 15, 1990. Cole also testified in rebuttal that he did not at any time touch the defendant.

During his opening statements, the prosecutor attempted to demonstrate for the jury how the defendant kicked Cole in the face. During closing arguments, the prosecutor (1) referred to the eyewitness testimony that defendant kicked Cole in the head "like a football player kicking a field goal"; (2) stated defendant "humiliated" Cole; and (3) stated defendant "was going to have some fun with this drunk," referring to Cole. Defendant's objections to the conduct and statements of the prosecutor during opening and closing remarks were overruled.

■ We first consider the defendant's claim that the actions and comments of the prosecutor prejudiced him and, therefore, a new trial must be conducted. In matters involving arguments or remarks of counsel, the question of the prejudicial impact, if any, upon the jury is within the sound discretion of the trial court and will not be disturbed on review unless there has been a clear abuse of discretion. *Zelinski v. Security Lumber Co.* (1985), 133 Ill. App. 3d 927, 933, 479 N.E.2d 1091, 1096; *People v. Phillips* (1989), 186 Ill. App. 3d 668, 682, 542 N.E.2d 814, 823.

■ The record shows the prosecutor attempted, during opening statements, to show the jury how the defendant kicked Cole in the head. The trial judge noted the demonstration, while improper, was not prejudicial and stated that the prosecutor's conduct only made him look foolish before the jury. We will not disturb the trial judge's findings on this issue. As to the State's closing arguments, the State's evidence established defendant was the instigator of the altercation with Cole. The State's closing arguments were based on the evidence and reasonable inferences that could be drawn from the evidence. By its verdict, it is clear the jury believed the State's witnesses. We find there was sufficient evidence to support the verdict.

We next consider whether the trial court abused its discretion in sentencing defendant and in refusing to grant him good-time credit.

The presentence report shows defendant had four felony convictions since 1981. Also, defendant had been sentenced to probation twice since 1981 and had not completed the terms of probation successfully. The trial judge noted defendant's criminal record, and his inability to complete probation. After stating that a sentence of probation would deprecate the seriousness of the offense, the trial judge sentenced defendant to 300 days' imprisonment.

■ The determination of a sentence involves considerable judicial discretion and will not be disturbed on review absent a showing of abuse of that discretion. (*People v. Fisher* (1989), 186 Ill. App. 3d 255, 542 N.E.2d 1127.) Battery is a Class A misdemeanor, which has a sentencing range up to one year's imprisonment. (Ill. Rev. Stat. 1989, ch. 38, pars. 12—3(b), 1005—8—3(a)(1).) We find no abuse of discretion in sentencing.

Regarding the denial of good-time or good-behavior credit, section 3 of the County Jail Good Behavior Allowance Act provides that good-behavior credit shall be denied to any person serving a sentence "who inflicted physical harm upon another person in committing the offense for which he is confined." (Ill. Rev. Stat. 1989, ch. 75, par. 32.) Defendant does not argue that Cole was not injured in their altercation. Rather, he argues there was no showing that Cole's reported injuries—loss of a front tooth, the loosening of two other teeth, and a cut or "gash" to the forehead—were caused by defendant's actions. Defendant argues any injuries Cole suffered were a result of their *mutual* wrestling or struggling and not shown to be caused by the kick delivered to Cole's head by defendant.

We find defendant's argument unpersuasive. The evidence established Cole was seen by an eyewitness in the midst of the altercation with defendant with a cut on his forehead. Cole testified his front tooth was knocked out *when defendant kicked him in the head*. This evidence clearly establishes Cole suffered physical harm as a result of defendant's actions. The trial court, therefore, properly denied defendant any good-time credit.

For the foregoing reasons, defendant's conviction and sentence for battery are affirmed.

Affirmed.

LUND, P.J., and GREEN, J., concur.