THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM CARRON, Defendant-Appellant.

Fifth District    No. 5—97—1067

Opinion filed August 24, 1998.

Gregory M. Skinner, of Belleville, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

The defendant, William Carron, was charged by indictment with two counts of aggravated reckless homicide and two counts of reckless homicide. The jury also was instructed on the lesser-included offense of driving while under the influence of alcohol (DUI), a misdemeanor (625 ILCS 5/11—501(a)(1) (West 1994)). The jury found defendant not guilty of the felony offenses and guilty of the DUI. The court sentenced defendant to serve a periodic term of imprisonment of 364 days in the county jail (730 ILCS 5/5—7—1(a) (West 1996)), which allowed defendant's release during the day to enable him to continue his employment, and to pay a $1,000 fine. The court denied defendant the good-behavior allowance as provided in the County Jail Good Behavior Allowance Act (730 ILCS 130/1 *et seq.* (West 1996)), because the trial court specifically found "that physical harm upon another person was committed during the course of the DUI." See 730 ILCS 130/3 (West 1996). On appeal, defendant contends as follows: (1) the trial court erred in admitting victim-impact statements at the sentencing hearing, (2) the trial court erred in failing to specify on the record the particular evidence, information, factors in mitigation and aggravation, or

other reasons that led to the sentencing determination, (3) the sentence was excessive, and (4) the trial court abused its discretion by imposing a sentence which did not provide for an allowance for good behavior.

Although defendant's appeal addresses only sentencing issues, a brief statement of the facts is necessary to understand this case. On May 24, 1995, at approximately 7:30 p.m., a two-vehicle collision occurred on Illinois Highway 158 near Millstadt, Illinois. Kara Morton, the driver of a Chevrolet automobile, and her two-year-old daughter, Lauren, died in the accident. Defendant was the driver of the other vehicle. Evidence was presented that defendant's blood-alcohol level was .247 at the time of the accident. Testimony from defendant's treating physician and a nurse in the emergency room of the hospital, as well as the testimony of the radiology technician who administered defendant's CAT scans the night of the accident, established that defendant emitted a strong odor of alcohol that night. Conversely, other evidence was presented that there was no indication of defendant's intoxication. Conflicting evidence was presented concerning the location of the accident. One officer testified that the accident occurred in the center of the road, while another officer testified that the collision occurred in defendant's lane of traffic. Lastly, evidence was presented that Kara may have taken evasive action immediately prior to the collision.

Defendant first contends that the court erred in admitting victim-impact statements at sentencing because the jury determined, through defendant's acquittal on the felony charges, that defendant was not the proximate cause of the accident, because the victims who made statements were not "crime victims" as defined in the statute, and because this was not a "violent crime" as defined in the statute. See 725 ILCS 120/3(a), (c) (West 1996). We disagree with defendant's reading of the statute.

■ Section 3(a) of the Rights of Crime Victims and Witnesses Act defines a "victim" in pertinent part as follows:

> "(3) *** the spouse, parent, child[,] or sibling of a person killed as a result of a violent crime perpetrated against the person killed ***." 725 ILCS 120/3(a) (West 1996).

Additionally, section 3(c) of the Rights of Crime Victims and Witnesses Act defines a "violent crime" in pertinent part as follows:

> " 'Violent Crime' means *** any violation of *** Section 11—501 of the Illinois Vehicle Code, or a similar provision of a local ordinance, if the violation resulted in personal injury or death ***." 725 ILCS 120/3(c) (West 1996).

■ When construing the meaning of a statute, a court must

ascertain and give effect to the intent of the legislature. *People v. Robinson*, 172 Ill. 2d 452 (1996). One of the most reliable indicators of the legislature's intent is the language of the statute itself, and the statute's language must be given its plain and ordinary meaning. *Robinson*, 172 Ill. 2d at 457. If the language of the statute is clear and unambiguous, no further construction aids are needed to apply the statute. *Robinson*, 172 Ill. 2d at 457.

■ Defendant would have this court find that the jury's acquittal on the manslaughter/reckless homicide charges leads to the irrefutable conclusion that Kara's death was in no way the result of defendant's violation of section 11—501(a) of the Illinois Vehicle Code (625 ILCS 5/1—101 *et seq.* (West 1994)). Therefore, defendant argues, his conviction for a misdemeanor DUI does not qualify as a violent crime under the clear and unambiguous language of the statute. Defendant's position is an untenable effort to require the trial court, and this court, to ignore the forest of logic by exclusively concentrating on the trees of the different verdicts. The evidence of DUI as presented herein, and accepted by the jury in its conviction for DUI, was that the defendant suffered the impairment to his driving skills of nearly 2½ times the statutory definition of intoxication. We therefore find that there was a sufficient relationship between defendant's crime of DUI and Kara's death to permit the application of sections 3(a) and (c) of the Rights of Crime Victims and Witnesses Act and allow the trial court to consider Kara's parents and two brothers as "victims." The statutory definition of "crime victim" clearly applied to them. At the sentencing hearing, only Kara's mother and father read their statements into the record. The trial court's admittance of the victim-impact statements at defendant's sentencing hearing was not error.

■ Defendant contends that the court erred when it failed to specify on the record the basis for his sentence, as required by section 5—4—1(c) of the Unified Code of Corrections (730 ILCS 5/5—4—1(c) (West 1996)). Section 5—4—1(c) applies to defendant, since that section applies to sentencing for a violent crime, which includes a DUI conviction wherein someone sustains personal injury. However, we find that defendant has waived this provision. At the sentencing hearing, defendant failed to request a statement of the court's reasons for the sentence. The failure to make a request at sentencing waives the requirement. *People v. Burton*, 121 Ill. App. 3d 182 (1984). Further, the court stated in its sentencing order that the sentence was based "upon consideration of the pre[ ]sentence investigation report, facts in evidence, statements by both attorneys, and the defendant having been given an opportunity to make a statement in his own behalf." This was an adequate specification of its reasons for the sentencing determination.

■ Defendant also argues that the sentence imposed was excessive, as the court failed to consider that defendant qualified for court supervision under section 5—6—1(c) of the Unified Code of Corrections (Code) or conditional discharge under section 5—6—1(a), of the Code (730 ILCS 5/5—6—1(a), (c) (West 1996)), and that the only evidence considered in aggravation was the victim-impact statements that were erroneously admitted. Further, defendant claims that the court did not consider that he is gainfully employed, a homeowner, and a "family man who supported his dependents" and that the court did not consider the hardship that a term of imprisonment would impose on his dependents.

A trial judge is in a better position to determine the punishment to be imposed than a reviewing court. *People v. Streit*, 142 Ill. 2d 13 (1991); *People v. Perruquet*, 68 Ill. 2d 149 (1977). A proper sentence is based upon the particular circumstances of each individual case and depends upon such factors as a defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Streit*, 142 Ill. 2d at 19; *Perruquet*, 68 Ill. 2d at 154. A trial court's determination of a proper sentence is entitled to great deference and weight; thus, absent an abuse of discretion, a trial court's sentence will not be overturned on review. *Streit*, 142 Ill. 2d at 18; *Perruquet*, 68 Ill. 2d at 154. Also, a court may consider other criminal conduct at sentencing even where the defendant has been acquitted of that conduct. *People v. Robinson*, 286 Ill. App. 3d 903 (1997). Where a sentence is within statutory limits, it will not be deemed excessive unless the sentence varies greatly with the purpose and the spirit of the law or is manifestly disproportionate to the nature of the offense. *People v. Davis*, 291 Ill. App. 3d 552 (1997). It is presumed that the trial court considered evidence offered in mitigation at sentencing. *Davis*, 291 Ill. App. 3d at 557.

We find that the court properly considered all pertinent evidence at trial and at the sentencing hearing before imposing its sentence. The sentencing judge heard all the evidence presented at trial: that Kara and Lauren died in the accident, that defendant had an alcohol content of .247 that night, and that there was evidence that suggested defendant was at fault, even if the jury exercised leniency and gave him the benefit of the doubt in exonerating him on the felony charges. The court also was aware of the impact on Kara's family. In addition, the presentence investigation revealed that defendant had a prior out-of-state conviction for a DUI in 1978. These factors in aggravation were appropriate considerations in sentencing.

Similarly, the court also considered the factors in mitigation that defendant was employed, that he supported his child, and that he did

not have an extensive criminal history. The periodic imprisonment imposed by the court reflects that it considered defendant's employment and the financial hardship that defendant's incarceration would otherwise impose. The court considered all of the evidence before it, and we cannot conclude that the court abused its discretion in imposing defendant's sentence.

■ We next consider the issue of good-behavior credit. At sentencing, the trial court disallowed the good-behavior credit because it found that Kara's and Lauren's deaths occurred during the course of defendant's DUI, *i.e.*, that defendant thereby inflicted "physical harm upon another person in committing the offense for which he is confined" (730 ILCS 130/3 (West 1996)). Defendant contends that the denial of a good-behavior allowance under this provision was erroneous as the jury found him not guilty of the reckless homicide counts, felonies that involve an element of death or bodily harm to the victims, thus acquitting him of the proximate cause of physical harm to Kara and Lauren.

Section 3 of the County Jail Good Behavior Allowance Act provides that good behavior shall be denied to any person serving a sentence for an offense wherein a person is physically harmed. 730 ILCS 130/3 (West 1996); *People v. Nesbitt*, 216 Ill. App. 3d 1023, 1026 (1991). Here, defendant was confined for driving under the influence of alcohol, and Kara's and Lauren's deaths occurred during the commission of this offense. Even if defendant were acquitted on other charges, he still committed and was confined for an offense wherein two persons were physically harmed. This was sufficient to deny defendant credit for good behavior under the statute. The trial court could have reasoned that if defendant had not been intoxicated, he could have taken evasive action to avoid or lessen the force of the collision.

In addition, under section 3 of the County Jail Good Behavior Allowance Act, a defendant serving a sentence of periodic imprisonment "shall only be eligible to receive good behavior allowance if authorized by the sentencing judge." 730 ILCS 130/3 (West 1996). This language gives the trial court the discretion to deny good-behavior credit when a periodic sentence is imposed, as it was here. Thus, unless the judge abused his discretion when denying the good-behavior credit, his disallowance will not be overturned on appeal. We have already held that the trial court's discretion was not abused when it imposed defendant's sentence; therefore, for the same reasons that applied to defendant's sentence, we find that the trial court did not abuse its discretion in denying defendant good-behavior credit.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

CHAPMAN and RARICK, JJ., concur.