(No. 79511.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FRANK ROBINSON *et al.*, Appellees.

*Opinion filed June 20, 1996.*

James E. Ryan, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Arleen C. Anderson, Assistant Attorney General, of Chicago, and Renee Goldfarb, Peter Fischer and Diane Meyer, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Patricia Unsinn, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee Frank Robinson.

JUSTICE McMORROW delivered the opinion of the court:

The question presented in this appeal is whether a defendant who, while out on bond awaiting trial on one charge, commits another offense and serves a sentence for it, is "simultaneously in custody on two charges" and therefore is entitled, under section 5—8—7(b) of the Unified Code of Corrections (730 ILCS 5/5—8—7(b) (West 1992)), to in-custody credit for time served in prison for the sentences he received on both charges. The first district of the appellate court answered this question affirmatively. 273 Ill. App. 3d 1069. We allowed the State's petition for leave to appeal. 155 Ill. 2d R. 315. For the reasons which follow, we affirm the judgment of the appellate court.

## Background

On September 4, 1986, the defendant, Frank Robinson, was arrested for murder. He remained in custody for 37 days, until October 10, 1986, when he posted a $25,000 bond and was released. On January 16, 1988, while out on bond awaiting trial on the murder charges, defendant was arrested for an unrelated armed robbery

and taken into custody. As a result of the armed robbery, the State filed a petition to increase defendant's bond on the murder case. On January 21, 1988, the court increased defendant's bond to $500,000. Defendant surrendered in exoneration of his previously posted bond and the proceeds of that bond were returned to his attorney.

On April 17, 1991, defendant entered a guilty plea on the armed robbery charge and was sentenced to a $6^1/2$-year term of imprisonment. Defendant received credit against his armed robbery sentence for the 1,187 days spent in pretrial custody between January 16, 1988, and April 17, 1991. Because of this credit, and additional credit earned for good conduct, defendant had completed his sentence for armed robbery by no later than June 21, 1991. Accordingly, on that date, defendant moved to reduce the $500,000 bond on the pending murder charges. On July 24, 1991, defendant's bond on the murder charges was reduced to $20,000. The following day defendant posted bond and was released. Defendant spent a total of 1,282 days in custody from January 21, 1988, when he surrendered in exoneration of his first bond until July 25, 1991, when he was released on the new bond.

On February 26, 1993, the new bond was revoked when defendant was found guilty of murder and concealment of a homicidal death. Defendant was sentenced on April 12, 1993, to 22 years' imprisonment for the murder and two years' imprisonment for the concealment of a homicidal death. On May 7, 1993, a hearing was held to determine the amount of sentence credit to which defendant was entitled for time already spent in custody. During the hearing, defendant argued that under section 5—8—7(b) of the Unified Code of Corrections (730 ILCS 5/5—8—7(b) (West 1992)) he was entitled to receive credit for the entire 1,282 days spent in pretrial custody

between January 21, 1988, and July 25, 1991. Section 5—8—7(b) provides, in pertinent part, that an offender be given credit on his sentence

"for time spent in custody as a result of the offense for which the sentence was imposed ***." 730 ILCS 5/5—8—7(b) (West 1992).

The circuit court concluded that because the period from January 21, 1988, to April 17, 1991, had been credited towards defendant's armed robbery sentence, defendant was not entitled to have that same period of time credited towards his murder sentence. The circuit court determined, however, that defendant was entitled to 258 days of in-custody credit. Defendant was awarded 37 days' credit for the time spent in custody from September 4, 1986, the date of his arrest on the murder charge, to October 10, 1986, the date when he posted the first bond; 71 days' credit for the time spent in custody from February 26, 1993, the date that the second bond was revoked upon conviction, to May 7, 1993, the date of the hearing to determine sentence credit; and 150 days' credit in recognition of defendant's good behavior during the trial proceedings.

Defendant sought review of the circuit court's decision in the appellate court, arguing, *inter alia*, that he was entitled to sentence credit for the entire 1,282 days between January 21, 1988, and July 25, 1991. The appellate court agreed that defendant should be awarded the sentence credit. Relying on the definition of custody provided by this court in *People v. Arnhold*, 115 Ill. 2d 379 (1987), the appellate court concluded that when defendant surrendered in exoneration of the first bond on January 21, 1988, he was thereafter in simultaneous custody on the armed robbery charge and the murder charges. Therefore, according to the plain terms of section 5—8—7(b), he was entitled to credit on the murder sentence for the 1,282 days spent in custody prior to his release on July 25, 1991. The State's appeal followed.

Analysis

This court's primary objective when construing the meaning of a disputed statute is to ascertain and give effect to the intent of the legislature. *People v. Zaremba*, 158 Ill. 2d 36, 40 (1994). The most reliable indicator of legislative intent is the language of the statute itself. *People v. Tucker*, 167 Ill. 2d 431, 435 (1995). The statutory language must be given its plain and ordinary meaning (*People v. Bole*, 155 Ill. 2d 188, 197 (1993)), and where that language is clear and unambiguous, we must apply the statute without further aids of statutory construction (*Bole*, 155 Ill. 2d at 198). Further, as a general matter, any ambiguities in a criminal statute must be resolved in favor of the defendant. *People v. Foster*, 99 Ill. 2d 48, 55 (1983). Because the construction of a statute is a question of law, our review is *de novo*. *Vuletich v. United States Steel Corp.*, 117 Ill. 2d 417, 421 (1987).

Our appellate court has split over the question presented in the instant appeal. The first, second and fifth districts have concluded that under section 5—8—7(b) a defendant is entitled to sentence credit for time spent in custody as a result of a failure to post bond, regardless of whether the defendant also receives credit for that time against a sentence on a separate offense. See *People v. Robinson*, 273 Ill. App. 3d 1069 (1st Dist. 1995); *People v. Tedford*, 112 Ill. App. 3d 603 (2d Dist. 1983); *People v. Higgerson*, 157 Ill. App. 3d 564 (5th Dist. 1987). The third and fourth districts, however, have construed section 5—8—7(b) more narrowly. Those districts have determined that section 5—8—7(b) entitles a defendant to in-custody credit only when the period of incarceration has not been credited towards another sentence. See *People v. Uran*, 196 Ill. App. 3d 293 (3d Dist. 1990); *People v. Jones*, 241 Ill. App. 3d 262 (4th Dist. 1993).

Defendant urges us to follow the line of decisions from the first, second and fifth districts. Defendant

argues that the only condition in section 5—8—7(b) which limits its application is the requirement that the offender be "in custody" on the relevant offense. Defendant further maintains that any ambiguity with respect to the basis of his custody from January 21, 1988, to April 17, 1991, is resolved by this court's decision in *Arnhold*. According to defendant, *Arnhold* supports his contention that he was in simultaneous custody on the armed robbery and murder offenses after he surrendered in exoneration of the first bond on January 21, 1988. Thus, defendant argues that he satisfied the only limiting condition in section 5—8—7(b) and is therefore entitled to the 1,282 days of sentence credit against his murder sentence.

We agree that *Arnhold* clarifies the basis of defendant's custody from January 21, 1988, through April 17, 1991. In *Arnhold*, the defendant was arrested on one offense, released on bond, and then arrested on a second, unrelated offense. Approximately one month later he withdrew his bond on the first offense and, shortly thereafter, filed a motion to dismiss the charges on the first offense based on an alleged violation of his right to a speedy trial. The defendant argued that the period of time between his arrest and incarceration on the second offense and his withdrawal of the bond should have been calculated as time spent "in custody" under the speedy-trial statute (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a)). Thus, the issue before the court was "whether a defendant who is out on bond on one charge and who is subsequently arrested and taken into custody on a second charge is automatically returned to custody on the first charge." *Arnhold*, 115 Ill. 2d at 383. In addressing this issue, the court determined that it could not "ignore the reality of the distinction between being in custody and being on bond." *Arnhold*, 115 Ill. 2d at 383. Even though the defendant was physically incarcerated

when he was arrested on the second offense, at that point, his bond on the initial charges remained in effect. Accordingly, the court concluded that when a defendant is out on bond on one offense and is subsequently arrested on a second offense, that defendant is returned to custody on the first offense when his bond is withdrawn or revoked. *Arnhold*, 115 Ill. 2d at 383. When that event occurs, the defendant is then considered to be in simultaneous custody on both charges. *Arnhold*, 115 Ill. 2d at 384.

We believe *Arnhold*'s analysis of the general custody issue is applicable here. Consistent with the reasoning of *Arnhold*, we believe that we must acknowledge the reality of defendant's surrendering in exoneration of his first bond. Even if defendant had not been incarcerated on the armed robbery charge, he would have remained in custody on the murder offense as a result of his failure to post bond. See *Higgerson*, 157 Ill. App. 3d at 566-67. In the case at bar, defendant's first bond was effectively withdrawn or revoked when it was raised to $500,000 on January 21, 1988. Therefore, we hold that once defendant surrendered in exoneration of the first bond he was no longer in custody solely on the armed robbery charge; rather, he was simultaneously in pre-trial custody on both the armed robbery charge and the murder charges.

During oral argument, the State conceded that defendant was in custody on the murder charges when he surrendered in exoneration of his first bond. However, the State argued that regardless of whether defendant was in custody, he should not receive the entire 1,282 days of sentence credit. The State maintains that to award defendant the sentence credit would violate the legislative intent behind section 5—8—7(b) to allow in-custody credit only where the period of incarceration has not been credited against another sentence. The

State contends that evidence of this legislative intent can be found in the use of the singular form of the words "sentence" and "offense" in section 5—8—7(b)'s requirement that an offender receive credit against his sentence for "time spent in custody as a result of the offense for which the sentence was imposed." In addition, the State argues that further evidence of the legislative intent to limit in-custody credit to a single sentence under section 5—8—7(b) can be seen in the language of section 5—8—7(c). We disagree.

The use of the singular form of the words "sentence" and "offense" in section 5—8—7(b), rather than the plural, does not evince a legislative intent to limit in-custody credit to a single sentence. If the legislature had specifically intended to include such a limitation, a less oblique means of conveying that intent would have been employed. See, e.g., 18 U.S.C. § 3585(b) (1996) (explicitly providing that in-custody credit will be awarded only where the period of incarceration has not been credited against another sentence).

Similarly, the language of section 5—8—7(c) does not establish a legislative intent to limit in-custody credit to a single sentence under section 5—8—7(b). Section 5—8—7(c) provides:

> "An offender arrested on one charge and prosecuted on another charge for conduct which occurred prior to his arrest shall be given credit on the determinate sentence or the maximum term and the minimum term of imprisonment for time spent in custody under the former charge *not credited against another sentence.*" (Emphasis added.) 730 ILCS 5/5—8—7(c) (West 1992).

Section 5—8—7(c) was adopted to "prevent the State from dropping an initial charge and recharging a defendant with another crime, with the intent of denying credit for time spent in jail on the first charge." *People v. Townsend*, 209 Ill. App. 3d 987, 990 (1991), citing *People v. Kane*, 136 Ill. App. 3d 1030 (1985); see also 730

ILCS Ann. 5/5—8—7, Council Commentary, at 1045 (Smith-Hurd 1992). Because the initial charge against defendant was not dropped in favor of a subsequent charge, section 5—8—7(c) is not directly applicable to the case at bar. Further, the presence of the phrase "not credited against another sentence" in section 5—8—7(c) undermines the State's argument that the same language must be read into section 5—8—7(b). The phrase restricting in-custody credit to time not credited against another sentence contained in section 5—8—7(c) indicates a legislative awareness of such a limiting condition. Thus, if the legislature had intended that the limiting language found in section 5—8—7(c) should apply to section 5—8—7(b), it would have been included there. See *People v. Bole*, 155 Ill. 2d 188, 198 (1993) (if the legislature had intended that the mandatory consecutive sentencing provision of section 5—8—4(a) apply whether or not the specified offenses were committed in a single course of conduct, it would have placed the provision in a different part of section 5—8—4); *Zaremba*, 158 Ill. 2d at 40-41.

The State has not shown that the legislature intended to restrict in-custody credit under section 5—8—7(b) to time which has not been credited towards another sentence. Moreover, assuming, *arguendo*, that the State has established that the section is ambiguous with respect to whether defendant should receive credit for time credited against another sentence, such ambiguity would not necessitate denial of the sentence credit to defendant. It is firmly established that criminal statutes must be strictly construed in favor of the defendant. *Bole*, 155 Ill. 2d 188; *People v. Chandler*, 129 Ill. 2d 233, 253-54 (1989). " 'If a statute creating or increasing a penalty or punishment be capable of two constructions, undoubtedly that which operates in favor of the accused is to be adopted.' " *People ex rel. Gibson v. Cannon*, 65

Ill. 2d 366, 371 (1976), quoting *People v. Lund*, 382 Ill. 213, 215-16 (1943). Accordingly, even if we were to conclude that section 5—8—7(b) is ambiguous with respect to whether a defendant may receive in-custody credit against two sentences, that ambiguity must be resolved in favor of the defendant.

The State also argues that defendant's interpretation of section 5—8—7(b) must be rejected because it inappropriately awards defendant a "windfall" of double sentence credit. The State maintains that it is wrong, as a matter of policy, to permit defendant to receive credit against both of his sentences, even if defendant was, in fact, in custody on both of his offenses. Initially, we note that it is the legislature, and not this court, which defines sentencing policy. It is this court's responsibility to interpret and apply statutes in the manner in which they are written. Indeed, if this court were to ignore the clear provisions of a statute in favor of what it believed to constitute proper policy, this court would be improperly engaging in judicial lawmaking. See, *e.g.*, *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990) (court may not depart from plain meaning of a statute by reading into it exceptions, limitations or conditions that the legislature did not express).

Through section 5—8—7(b) the legislature has explicitly required that offenders receive credit against their terms of imprisonment when they are "in custody as a result of the offense for which the sentence was imposed." In the case at bar, the basis of defendant's custody from January 21, 1988, through April 17, 1991, may have been ambiguous. However, it is clear and unambiguous that, other than the custody requirement, there are no additional conditions which limit the application of section 5—8—7(b). As this court has noted previously, "there is no rule of construction which authorizes a court to declare that the legislature did not

mean what the plain language of the statute imports." *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 83 (1994); see also *Bole*, 155 Ill. 2d at 198-99. In the absence of a compelling justification for doing so, we will not judicially craft an additional limiting condition onto section 5—8—7(b). See *People v. Tucker*, 167 Ill. 2d 431, 437 (1995) (court may not rewrite statutory language under the guise of judicial interpretation, merely because the plain language of the statute creates, in the State's view, something of a sentencing anomaly).

We believe this court's decision in *Arnhold* compels the conclusion that defendant was in simultaneous custody on the armed robbery and murder charges when he surrendered in exoneration of the first bond. Having determined the basis of defendant's custody, and mindful that section 5—8—7(b) contains no further limitations upon its application, we conclude that under the circumstances presented here, defendant should be given the 1,282 days of contested sentence credit.

For the foregoing reasons the judgment of the appellate court is affirmed.

*Affirmed.*