NO. 4-96-0980

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

WILMER FEAZEL,     ) Appeal from

          Plaintiff-Appellant,          ) Circuit Court of 

          v.                            ) Brown County

ODIE WASHINGTON, WILLIAM ) No. 96MR12

O'SULLIVAN, and DONALD RENTMEISTER, )

Defendants-Appellees. ) Honorable

) David K. Slocum,

) Judge Presid­ing.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff, Wilmer Feazel, an inmate in the Depart­ment of Corrections, filed a 
pro
 
se
 petition for writ of 
mandamus
.  Plain­tiff re­quested­ that the court order defendants Odie Washing­ton, Direc­tor of the Illinois Department of Correction, William O'Sullivan, chief administrative officer of the Western Illinois Correctional Center, and Donald Rentmeister, record office super­visor of the Western Illinois Correctional Center, to credit him with 637 days' sentence credit as against his sentence of two years' impris­onment for un­law­ful use of weapons, a sentence im­posed consecu­tively to two concurrent 13-year terms of impris­on­ment for at­tempt (murder), sentences for which he had already re­ceived 637 days' sentence credit for time spent in custody prior to sentencing.  Plain­tiff had been sen­tenced on all of the con­vic­tions on Au­gust 12, 1992, and at that time re­ceived 637 days' sentence credit as against each of the two concurrent sen­tences for the attempt (murder) con­vic­tions.  The trial court grant­ed the defendants' motion for summa­ry judg­ment, find­ing 
People v. 

Robin­son
, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996), inap­plicable to consecutive sen­tences and that plain­tiff had been ac­cord­ed the prop­er sentenc­ing cred­it pur­su­ant to sec­tion  5-8-4(e) of the Unified Code of Cor­rec­tions (Code) (730 ILCS 5/5-8-4(e) (West 1996)).

Summary judgment is properly granted if the court de­termines that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005(c) (West 1996).  On appeal, the review of an entry of sum­ma­ry judgment is 
de
 
novo
.  
People ex rel. Hughes v. Walker
, 278 Ill. App. 3d 116, 118, 662 N.E.2d 177, 178 (1996).

On August 12, 1992, defendant was sentenced on all three offenses.  He does not dispute the calculation that he spent 637 days in custody prior to sentencing on all three of­fenses.  In­stead, he con­tends he is entitled to an additional 637 days' sen­tence credit as against his consecutive sentence for un­lawful use of weapons.  Section 5-8-7(b) of the Code provides:

"The offender shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed ***."  730 ILCS 5/5-8-7(b) (West 1996).

In 
Robinson
, the supreme court held that a defendant in custody on two unrelated offenses is simultaneously in custody on both charges and should receive sentence credit pursuant to sec­tion 5-8-7(b) for the time he is in custody awaiting trial and sen­tenc­ing on both charges.  
Robinson
, 172 Ill. 2d at 459, 463, 667 N.E.2d at 1308, 1310.  The 
Robinson
 defendant, however, was not subject to consecutive sentences, as is the plaintiff here.  Determinations of the manner in which consecutive sentences are to be imposed are encompassed by sec­tion 5-8-4(e) of the Code, which provides:

    "In determining the manner in which con­sec­u­tive sentences of imprisonment *** will be served, the Department of Corrections shall treat the offender as though he had been committed for a 
single
 
term
 with the fol­low­ing incidents:

* * *

   (4) the offender shall be awarded credit against the 
aggregate
 maximum term and the 
aggregate
 minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof ***."  (Emphasis add­ed.)  730 ILCS 5/5-8-4(e) (West 1996).

Since, under the plain language of section 5-8-4(e), plaintiff's con­cur­rent and con­sec­u­tive sen­tenc­es are to be treat­ed as a "single term," he was properly credited with 637 days against his aggregate maximum and minimum terms, which encom­passed the concurrent sentences and the consecutive sentence.  Under section 5-8-4(e) he is enti­tled to no more.  Since 
Rob­in­son
 does not en­tail the impo­si­tion of con­sec­u­tive sentences pur­suant to sec­tion 5-8-4(e) of the Code, we find it inapplicable here.  The precedential scope of a deci­sion is lim­ited to its facts.  See 
People v. Flatt
, 82 Ill. 2d 250, 261, 412 N.E.2d 509, 515 (1980).

We note that the Second District Appellate Court has reached a contrary conclusion in holding that 
Robinson
 makes no exception for consecutive sentences.  See 
People v. Johnson
, 286 Ill. App. 3d 597, 601, 676 N.E.2d 1040, 1043 (1997), 
appeal
 
de­nied
, No. 83027 (June 4, 1997), ___ Ill. 2d ___.  
John­son
, how­ev­er, makes no ref­er­ence to the con­sec­u­tive sentenc­ing provi­sions of section 5-8-4(e) of the Code and we decline to follow its hold­ing.

The entry of summary judgment in favor of defendants is af­firmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.