3 September 1999

NO. 4-98-1029

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In Re: the Detention of JACK GARDNER, ) Appeal from

Inmate No. B-28367, ) Circuit Court of

THE PEOPLE OF THE STATE OF ILLINOIS, ) Coles County

Petitioner-Appellant, ) No. 98MR89 

v. ) 

JACK GARDNER, ) Honorable 

Respondent-Appellee. ) Ashton C. Waller,

) Judge Presiding. _________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In December 1998, respondent, Jack Gardner, moved to dismiss the State's petition seeking to have him committed as a sexually violent person, pursuant to the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 
et
 
seq
. (West 1998)).  Later that same month, the trial court conducted a hearing and granted respondent's motion.  The State appeals, and we reverse and remand.

I. BACKGROUND 

On November 24, 1998, the State filed a petition to commit respondent as a sexually violent person, al­leging the following:  (1) in February 1995, respondent was convicted of a sexually violent offense--namely, three counts of aggra­vat­ed crimi­nal sexual abuse (720 ILCS 5/12-16 (West 1994)) (Coles County case No. 94-CF-289); (2) respondent was within 90 days of entry into manda­tory super­vised release (MSR) from a five-year sen­tence imposed for those convic­tions; (3) respondent suffered from the mental disorders of pedophilia, alcohol abuse, and borderline intellectual functioning; and (4) respondent was dangerous to others because his mental disorders created a substantial probability that he would engage in acts of sexual violence.  That same day, the trial court ordered respondent to be detained and scheduled a proba­ble-cause hearing, pursuant to section 30 of the Act (725 ILCS 207/30 (West 1998)), for

Novem­ber 30, 1998.    

At the November 30, 1998, hearing, the State moved to amend its peti­tion to further allege that (1) respondent was then serving a sentence for a conviction for failing to report a change of address as a sex offender (730 ILCS 150/6 (West 1996)) (Coles County case No. 97-CF-59), which was being served consec­u­

tively with or concur­rently to his sen­tence for the aggravated crimi­nal sexual abuse convic­tions; and (2) respon­dent "was to be released within 90 days of the filing of the original petition," on November 28, 1998.  The State pointed out that the Act had recently been amended to allow the State to file a petition when the offender was serving a sentence that was running consecutive­ly to or concur­rently with a sentence for a sexually violent offense (Pub. Act 90-793, §20, eff. August 14, 1998 (1998 Ill. Legis. Serv. 3397, 3418-19 (West)); 725 ILCS 207/15 (West 1998)).  At the conclu­sion of the hear­ing, the trial court contin­ued the pro­ceedings to allow the parties an opportu­nity to research the applicability of the amendment to the present case.

The following day, respondent filed a motion to dismiss the State's petition, alleging that (1) the Act required a peti­

tion be filed when an offender was within 90 days of discharge from a sexually violent offense; and (2) respon­dent was not then serving a sen­tence for a sexual­ly violent offense.  On December 3, 1998, the State filed an amended petition, in which it includ­

ed the additional allegations earlier discussed.  

At a December 1998 hearing on respondent's motion to dismiss, the trial court first granted the State's motion to amend its petition, and respondent told the court that his motion to dismiss adequately set forth his challenge to the amended peti­tion.  Randy Stevenson, the super­vi­sor of the Robin­son Correc­tional Center's records office, then testi­fied as follows.   On February 22, 1995, respondent began serving his five-year sen­tence for the aggra­vat­ed criminal sexual abuse convictions at the Depart­ment of Correc­tions (DOC).  On December 23, 1996, respon­dent was released from Robinson Correctional Center and placed on two years' MSR.  On April 7, 1997, respon­

dent was sentenced to a 26-month prison term for failing to report a change of address as a sex offender (730 ILCS 150/6 (West 1996)), to be served concur­rently with respondent's sen­

tence imposed for his aggravated criminal sexual abuse convic­

tions.  As a result of that 1997 convic­tion, the Prison­er Review Board de­clared respon­dent to be an MSR violator, and respondent's dis­charge for his sexual­ly violent offense convic­tions--that is, his aggravated criminal sexual abuse convictions--was recalculat­

ed to be Febru­ary 21, 1998.  Thus, on that date, respondent's sentence for the sexually violent offense convic­tions terminated, and he was released from physical custo­dy.  (Due to good-time credit, respondent's physi­cal release date for the failure to report a change of address convic­tion was January 24, 1998.)  Howev­er, upon his re­lease from prison, respon­dent was still serving one year of MSR for failing to report a change of ad­

dress.  

On October 2, 1998, respondent was again incarcerated for violating a term of his MSR by removing an elec­tron­ic moni­

toring device from his ankle.  As a result of that MSR violation, respondent's discharge for the failure to report a change of address convic­tion was recalculated to be November 28, 1998.  According to Stevenson, even though respondent was not in physi­cal custody from February 21, 1998, until October 2, 1998, he was still in DOC's constructive custody because he was serving his one-year term of MSR for failing to report a change of address.  Stevenson also testified that an offender is "discharged" from his sen­tence only after he fully completes the sentence.    

After considering counsel's arguments, the trial court granted respondent's motion to dismiss, finding that the amend­

ment to the Act did not apply to a situation--like the present case--in which an offender had been placed on MSR, returned to prison after violating his MSR, and subsequently discharged from his sentence directly from prison.  In particular, the court found that the word "discharge" does not have the same meaning as that used by DOC, and the State should have filed its petition within 30 days of respondent's entry into MSR for failing to report a change of address as a sex offender.        

II. THE TRIAL COURT'S GRANTING OF RESPONDENT'S 

MOTION TO DISMISS

The State argues that the trial court erred by granting respondent's motion to dismiss.  Specifically, the State contends that the court erroneously determined that the amendatory lan­

guage of section 15 of the Act did not apply to the present case.  We agree.

Initially, we note that respondent did not file a brief in support of the trial court’s order.  In 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976), the supreme court held that when the record is simple and the claimed errors are such that a reviewing court can easily decide them without the aid of the appellee's brief, the reviewing court should decide the merits of the appeal.  Because we conclude that this is such a case, we address the merits of the State's appeal despite defendant's failure to file a brief. 

This issue requires this court to interpret section 15 of the Act, as it reads following the amendment by Public Act 90-

793.  Section 15 pro­vides, in perti­nent part, as fol­lows:

"(a) A petition alleging that a person is a sexually violent person may be filed by:

(1) The Attorney General ***.  If the Attorney General *** decides to file a petition under this [s]ection, he or she shall file the petition before the date of the release or discharge of the person 
or
 
within
 
30
 
days
 
of
 
placement
 
onto
 
parole
 
or
 
mandatory
 
supervised
 
release
 
for
 
[
a
 
sexually
 
violent
] 
of­fense
 
enu­mer­at­ed
 
in
 
paragraph
 
(e)
 
of
 
[s]ection
 
5
 
of
 
this
 
Act
.

(2) If the Attorney General does not file a petition under this [s]ection, the State's Attorney of the county in which the person was convicted of a sexually violent offense *** may file a petition.

***

(b) A petition filed under this [s]ection shall allege that all of the fol­

lowing apply to the person alleged to be a sexually violent person:  

* * *

(2) The person is within 90 days of discharge or entry into mandatory supervised release from a Department of Corrections correc­

tional facility for a sentence that was imposed upon a conviction for a sexually violent offense 
or
 
for
 
a
 
sentence
 
that
 
is
 
being
 
served
 
con­

currently
 
or
 
consecutively
 
with
 
a
 
sexually
 
violent
 
offense
 
or
 
is
 
within
 
the
 
initial
 
30
 
days
 
of
 
the
 
person's
 
entry
 
date
 
into
 
parole
 
or
 
man­datory
 
supervised
 
release
."  (Emphasis denotes lan­guage added by Pub­lic Act 90-793.)  725 ILCS 207/15 (West 1998).    

In construing this section, we must ascertain and give effect to the legislature's intent.  The language of the statute generally provides the best evidence of the legislature's intent.  Where the statutory language is clear and unambiguous, a court must give effect to the plain and ordinary meaning of the words without resorting to extrinsic aids for construc­tion.  
People v. Robinson
, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996).  More­over, a statute must be read as a whole, and no word or paragraph should be interpret­ed so as to be rendered meaning­less.  
Collins v. Board of Trust­ees of the Firemen's Annuity & Benefit Fund
, 155 Ill. 2d 103, 111, 610 N.E.2d 1250, 1253 (1993).  Because the construction of a statute is a question of law, our review is 
de
 
novo
.  
Robin­son
, 172 Ill. 2d at 457, 667 N.E.2d at 1307.  

The Act does not define the word "discharge."  However, that word has a well-known legal meaning within the context of crimi­nal procedure and corrections.  Section 3-1-2(g) of the Unified Code of Corrections (Code) defines "discharge" as "the 
final
 
termina­tion
 
of
 
a
 
commitment
 to the Department of Correc­

tions."  (Emphasis added.)  730 ILCS 5/3-1-2(g) (West 1998); see also 730 ILCS Ann. 5/3-1-2, Council Commentary--1973, at 11 (Smith-Hurd 1997) ("'Discharge' does not include release on *** mandato­ry release or parole release").  "Commitment" is defined as "a judi­cially determined placement in the custody of the Department of Correc­tions on the basis of *** [a] conviction."  730 ILCS 5/3-1-2(b) (West 1998).  When an offend­er is re­leased from a DOC correc­tion­al facili­ty and placed on MSR, DOC retains "custo­dy" of that offend­er until "dis­charge."  730 ILCS 5/3-14-

2(a) (West 1998); see 
People ex rel. Johnson v. Pate
, 47 Ill. 2d 172, 174, 265 N.E.2d 144, 146 (1970) (although not con­fined in prison, a parolee remains in custody until the expira­tion of his sen­tence).  Thus, an offender is discharged from his sentence only when DOC no longer has actual or con­structive custody of him.  According­ly, under the Act, "dis­charge" and "entry into MSR" have separate and distinct meanings. 

Construing the Act in accordance with the aforemen­

tioned principles, we con­clude that under section 15, the Attor­

ney General or State's Attor­ney may file a petition to have an offender commit­ted as a sexually violent person if the offend­er is (1) within 90 days of dis­charge from a DOC correc­tional facili­ty for a sentence that was imposed upon a conviction for a sexually violent offense (as enumerated in section 5(e) of the Act (725 ILCS 207/5(e) (West 1998))), (2) within 90 days of entry into MSR from a DOC correctional facility for a sentence that was imposed upon a conviction for a sexually violent of­fense, (3) within 30 days of placement onto parole or MSR for a sexually violent offense, (4) within 90 days of dis­charge from a DOC correc­tion­al facili­ty for a sentence that is being served concur­

rently with or consecu­tively to a sexually violent offense, or (5) within 90 days of entry into MSR from a DOC correc­tional facility for a sentence that is being served concur­rently with or consecutively to a sexually violent offense.   

As earlier stated, respondent's 26-month sentence for failing to report an address change as a sex offender was to be served concur­rently with the sentence imposed for his aggravat­ed crimi­nal sexual abuse convictions, and his discharge for failing to report an address change was Novem­ber 28, 1998.  (Re­spondent's discharge was recalculated as a result of his having violat­ed the terms of his MSR by removing from his ankle an elec­tron­ic moni­

tor­ing device.)  Thus, the State proper­ly filed its November 24, 1998, peti­tion, which it later amended, within 90 days of respon

dent's dis­charge from a DOC correc­tion­al facili­ty for a sen­tence that was being served concur­rently with a sexually violent offense, pursuant to section 15 of the Act.  Accordingly, we hold that the trial court erred by granting respondent's motion to dismiss the State's petition to have him committed as a sexually violent person.      

III. CONCLUSION

For the reasons stated, we reverse the trial court's judg­ment granting respondent's motion to dismiss, and we remand for further pro­ceed­ings.

Reversed and remanded with directions.

COOK and MYERSCOUGH, JJ., concur.