THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILLY J. EFFLER, Defendant-Appellant.

Second District   No. 2—03—0424

Opinion filed June 8, 2004.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (Martin P. Moltz and

Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BYRNE delivered the opinion of the court:

Following a jury trial, defendant, Billy J. Effler, was convicted of conspiracy to commit forgery and sentenced to five years' imprisonment pursuant to the first clause of section 8—2(c) of the Criminal Code of 1961 (the Code) (720 ILCS 5/8—2(c) (West 2000)), which provides that a person convicted of conspiracy may be imprisoned for a term not to exceed the maximum provided for the offense that is the object of the conspiracy. The underlying offense of forgery is a Class 3 felony. 720 ILCS 5/17—3(d) (West 2000). Defendant's sole contention on appeal is that the trial court should have construed the statute in its entirety and sentenced him under the last clause, because it applies to offenses, such as forgery, that are not enumerated in section 8—2(c) and limits the punishment for conspiracy to commit such an offense to that allowed for a Class 4 felony, which carries a maximum of three years (see 730 ILCS 5/5—8—1(a)(7) (West 2000)). We agree.

■ Because this case involves only a question of statutory interpretation, which we must review *de novo* (see *People v. Robinson*, 172 Ill. 2d 452, 457 (1996)), we dispense with the facts of the case. All that is relevant here is that defendant was convicted of conspiracy to commit forgery. Accordingly, we begin our analysis with the statute. It provides:

> "*A person convicted of conspiracy may be fined or imprisoned or both not to exceed the maximum provided for the offense which is the object of the conspiracy*, except that if the object is an offense prohibited by Sections 11—15, 11—16, 11—17, 11—19, 24—1(a)(1), 24—1(a)(7), 28—1, 28—3 and 28—4 of the 'Criminal Code of 1961', approved July 28, 1961, as amended, or prohibited by Sections 404 or 406(b) of the 'Illinois Controlled Substances Act', enacted by the 77th General Assembly, or an inchoate offense related to any of the aforesaid principal offenses, the person convicted may be sentenced for a Class 3 felony however, conspiracy to commit treason, first degree murder, or aggravated kidnapping shall not be sentenced in excess of a Class 2 felony, *and conspiracy to commit any offense other than those specified in this subsection, and other than those set forth in Sections 401, 402, or 407 of the Illinois Controlled Substances Act, shall not be sentenced in excess of a Class 4 felony.*" (Emphasis added.) 720 ILCS 5/8—2(c) (West 2000).

Defendant does not dispute that he was convicted of conspiracy to commit forgery and that forgery is a Class 3 felony. 720 ILCS 5/17—3(d) (West 2000). The trial court sentenced defendant to five years' imprisonment, the maximum allowed for a Class 3 felony, based upon

the language in the first clause of section 8—2(c), which permits "[a] person convicted of conspiracy to be fined or imprisoned or both not to exceed the maximum provided for the offense which is the object of the conspiracy." 720 ILCS 5/8—2(c) (West 2000). Under defendant's reading of the statute, however, he maintains that the first clause applies to conspiracies to commit misdemeanors and that the last clause applies to his conviction, because conspiracy to commit forgery is not specifically listed in the statute. Accordingly, defendant argues that the trial court should have sentenced him as a Class 4 offender under the last clause. The State maintains that a person who is convicted of conspiracy to commit forgery should be sentenced under the first clause and that interpreting the first clause as applying solely to misdemeanors as defendant urges amounts to reading into the statute a limitation that the legislature did not express.

Our primary objective when construing the meaning of a disputed statute is to ascertain and give effect to the intent of the legislature. *People v. Zaremba*, 158 Ill. 2d 36, 40 (1994). Courts should consider the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it. *Gill v. Miller*, 94 Ill. 2d 52, 56 (1983). The most reliable indicator of legislative intent is the language of the statute, which, if plain and unambiguous, must be read without exception, limitation, or other condition. *People v. Lavallier*, 187 Ill. 2d 464, 468 (1999); *People v. Robinson*, 172 Ill. 2d 452, 457 (1996).

A court should not construe a statute in a manner that would lead to consequences that are absurd, inconvenient, or unjust. A court should avoid an interpretation of a statute that would render any portion of it meaningless or void. *Paciga v. Property Tax Appeal Board*, 322 Ill. App. 3d 157, 161 (2001). Moreover, a criminal or penal statute is to be strictly construed in favor of the accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute. *People v. Laubscher*, 183 Ill. 2d 330, 337 (1998). Any ambiguity in a penal statute must be resolved in favor of the defense. *People v. Whitney*, 188 Ill. 2d 91, 98 (1999).

When interpreting a statute, the court may consider the reason and necessity for the law, the evils sought to be remedied, and the purposes to be achieved. *People v. Storms*, 254 Ill. App. 3d 139, 142 (1993). Conspiracy requires an agreement to commit a specific crime and an overt act in furtherance of the agreement. *People v. Moorhead*, 128 Ill. App. 3d 137, 141 (1984). A conspiracy to commit a crime generally is not considered to be as serious an offense as the underlying offense itself, unless the legislature intends otherwise. Therefore, the legislature's classifications of conspiracies should ensure that the

sentencing structure is proportionate to the seriousness of the underlying offenses, with realistic maximums.

Applying these principles to the present case, we have carefully examined the statute to determine whether the last clause applies to conspiracy to commit forgery. We find that it does.

It is clear that the first clause is a general provision that "sets the ceiling" for persons convicted of conspiracies. It directs the court that "[a] person convicted of conspiracy may be fined or imprisoned or both not to exceed the maximum provided for the offense which is the object of the conspiracy." 720 ILCS 5/8—2(c) (West 2000). In other words, the legislature intends that the conspiracy offender cannot be punished more severely for the conspiracy offense than he or she would be punished for the underlying offense. The first clause appears to apply to both felony *and* misdemeanor offenses, as the only limitation it sets is that the person convicted of the conspiracy offense may be "fined" or "imprisoned" or "both."

The second clause of section 8—2(c) applies to certain enumerated misdemeanors and other offenses, such as those prohibited by section 404 or 406(b) of the Illinois Controlled Substances Act (720 ILCS 570/404, 406(b) (West 2000)), and it is relevant to this case only in that conspiracy to commit forgery is not listed there. Similarly, the third clause of section 8—2(c) applies to conspiracies to commit the capital offenses of treason, first-degree murder, and aggravated kidnapping. Clearly, conspiracy to commit forgery is not enumerated in the third clause either.

The final clause, however, provides that conspiracy to commit any offense not specified in the statute "shall not be sentenced in excess of a Class 4 felony." 720 ILCS 5/8—2(c) (West 2000). Therefore, unlike the first clause of section 8—2(c), the final clause distinguishes between conspiracies to commit felonies and misdemeanors. Clearly, the legislature has reduced the maximum punishment for those felony conspiracy offenses that are not specifically enumerated in the statute. An isolated reading of the first clause would indicate that conspiracy to commit any felony may be punished as severely as the underlying offense. However, for conspiracy to commit an unspecified felony, the final clause reduces the punishment to no greater than the maximum for a Class 4 felony.

■ Construing the statute in its entirety, we hold that, for offenses that are not enumerated in section 8—2(c), the final clause limits the maximum punishment for conspiracy to commit a felony to that allowed for a Class 4 felony, and the first clause limits the maximum punishment for conspiracy to commit a misdemeanor to the maximum provided for the underlying misdemeanor. Logically, conspiracy to

commit any misdemeanor other than those mentioned in the statute would be within only the first clause of section 8—2(c). We emphasize that the first clause of section 8—2(c) would also apply to sections 401, 402, and 407 of the Illinois Controlled Substances Act (720 ILCS 570/401, 402, 407 (West 2000)) Conspiracy to commit an offense under sections 401, 402, and 407 may not be punished more severely than the underlying offense. Furthermore, the last clause cannot apply to a misdemeanor because a court cannot punish someone for conspiracy to commit a misdemeanor to the extent of a Class 4 felony. To read this any other way would lead to an absurd result clearly not intended by the legislature.

Certainly, if we were to apply the first clause of the statute in the manner the State asserts, it would lead to consequences the legislature sought to avoid. For example, if punishment were to be handed out according to the first clause, then a person who conspired to commit armed robbery could be sentenced in line with a Class X felony (see 720 ILCS 5/18—2(b) (West 2000)). However, the specific limitations of the third clause of section 8—2(c) provide that conspiracy to commit first-degree murder can be punished only to the extent of a Class 2 felony. The legislature could not have intended to punish a person who conspired to commit armed robbery more severely than a person who conspired to commit first-degree murder. Furthermore, if we were to apply the first clause to a person convicted of conspiracy to commit an unspecified felony, then the last clause would be rendered meaningless. Additionally, such an interpretation would not favor the accused. As we have interpreted the statute, the legislature's classifications of conspiracies ensure that the sentencing structure is proportionate to the seriousness of the underlying offense.

The State also argues that, in *People v. Gonzales*, 314 Ill. App. 3d 993 (2000), we held that the defendant's conviction of criminal drug conspiracy made him ineligible for custodial sentence credit pursuant to sections 5—8—7(d) and 5—5—3(c)(2)(C) of the Unified Code of Corrections (730 ILCS 5/5—8—7(d), 5—5—3(c)(2)(C) (West 1998)). Noting that the sentencing scheme created by section 405.1(c) of the Controlled Substances Act (720 ILCS 570/405.1(c) (West 1998)) permits a defendant convicted of criminal drug conspiracy to be sentenced as if he were convicted of the offense that was the object of the conspiracy, which in *Gonzales* was a Class X unlawful delivery of cocaine, we found that the legislature clearly intended that such a defendant receive a Class X sentence and carry the label of a Class X offender. *Gonzales*, 314 Ill. App. 3d at 997. The State recognizes that the sentencing statute at issue in *Gonzales* differs from that in the present case, but nevertheless believes that we should follow our

reasoning in *Gonzales*; that, with few exceptions, the legislature intends to punish group criminal activity based upon the seriousness of the offense that is the object of the conspiracy.

Our interpretation of section 8—2(c) does not deviate from the principle that the legislature intends to structure punishment in proportion to the seriousness of the offense. However, in the *Gonzales* case, we applied a provision that the legislature specifically added to the calculated drug conspiracy statute, mandating that the sentence may not be less than the minimum nor more than the maximum provided for the offense that is the object of the conspiracy. 720 ILCS 570/405.1(c) (West 1998). Section 8—2(c) otherwise has no application to a calculated drug conspiracy case.

Finally, we direct the State to *People v. King*, 140 Ill. App. 3d 937 (1985), wherein we held that the trial court erred in determining that conspiracy to commit robbery is a Class 2 felony, and we found that the sentence for conspiracy to commit robbery cannot be in excess of that for a Class 4 felony under section 8—2(c) (Ill. Rev. Stat. 1983, ch. 38, par. 8—2(c)). *King*, 140 Ill. App. 3d at 945. At that time, the statute was virtually the same as it is today. While we did not analyze whether conspiracy to commit robbery, which was not enumerated in the statute, properly fell within the last clause of the statute, it is evident that we applied the last clause because the underlying offense of robbery at the time was a Class 2 felony (see Ill. Rev. Stat. 1983, ch. 38, par. 18—1(b)) and, under the last clause of section 8—2(c), the defendant's conspiracy offense fell within the lower classification of a Class 4 felony.

For the reasons stated, pursuant to Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), we vacate the five-year sentence and, because defendant does not request a new sentencing hearing but requests that the maximum sentence for a Class 4 felony be imposed, we modify defendant's sentence to the maximum term for a Class 4 felony, which is three years. See 730 ILCS 5/5—8—1(a)(7) (West 2000).

Affirmed as modified.

KAPALA and GILLERAN JOHNSON, JJ., concur.