# Illinois Official Reports

## Appellate Court

---

**People v. Johnson, 2015 IL App (4th) 130968**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MALCOLM J. JOHNSON, Defendant-Appellant. |
| District & No. | November 24, 2015<br>Docket Nos. 4-13-0968, 4-13-0969, 4-13-0970 cons. |
| Filed<br>Rehearing denied | November 24, 2015<br>December 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, Nos. 11-CF-686, 12-CF-1084, 12-CF-1093; the Hon. Robert L. Freitag, Judge, presiding. |
| Judgment | No. 4-13-0968, Affirmed.<br>No. 4-13-0969, Affirmed.<br>No. 4-13-0970, Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, Joel C. Wessol, Nancy L. Vincent, and Duane E. Schuster, all of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel                              PRESIDING JUSTICE POPE delivered the judgment of the court, with opinion.
Justices Harris and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1        In December 2011, defendant, Malcolm J. Johnson, pleaded guilty to robbery and aggravated battery and was sentenced to a term of probation. Later, defendant was convicted of theft and criminal trespass to residence following two separate jury trials.

¶ 2        During a May 2013 hearing, the trial court sentenced defendant to three years in prison for the theft conviction and four years for his conviction for criminal trespass to residence. The court also revoked defendant's probation and resentenced him to concurrent terms of seven years' imprisonment for robbery and five years for aggravated battery. The court ordered the sentences for robbery, aggravated battery, theft, and criminal trespass to be served consecutively.

¶ 3        Defendant appeals, arguing the trial court erred in finding his convictions for theft and criminal trespass were statutorily required to be consecutively served. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        On December 2, 2011, defendant pleaded guilty to robbery and aggravated battery in McLean County case No. 11-CF-686. Pursuant to an agreement with the State, the trial court sentenced defendant to 36 months' probation, with 180 days in jail as a condition. Another condition of defendant's probation was he avoid violating "any criminal statute of any jurisdiction."

¶ 6        On October 4, 2012, defendant was issued an appearance bond, which stated "defendant has been charged with the [following] offense(s): retail theft/display merchandise/less than $150/1st."

¶ 7        On October 16, 2012, the State charged defendant by information with home invasion and four counts of aggravated battery with a firearm (McLean County case No. 12-CF-1084).

¶ 8        On October 17, 2012, the State charged defendant by information with two counts of burglary, each of which was a Class 2 felony (McLean County case No. 12-CF-1093). The State alleged defendant knowingly and without authority entered a Walmart with the intent to commit a theft (count I) and remained there with the same intent (count II). (This is the same case in which the October 4, 2012, appearance bond was issued.)

¶ 9        On October 31, 2012, the State filed a petition to revoke defendant's probation in case No. 11-CF-686. In the petition, the State alleged defendant violated his probation by committing burglary, home invasion, and aggravated battery with a firearm.

¶ 10       During defendant's April 2013 burglary trial in case No. 12-CF-1093, the evidence presented showed defendant and another man walked into Walmart's sporting goods department, took a pair of gloves, and headed toward the exit. When security confronted the men, defendant admitted taking the gloves. The other man ran away. Defendant requested a

directed verdict on the burglary-by-remaining count (count II), which the trial court granted. However, the court found the burglary-by-unlawful-entry count (count I) was a question for the jury. The State then asked for and received a jury instruction for theft. Thereafter, the jury found defendant guilty of theft.

¶ 11     On May 20, 2013, a jury trial was held on defendant's home invasion and aggravated battery with a firearm charges in case No. 12-CF-1084. The evidence presented showed defendant and others left a party following an argument. Approximately 30 minutes later, defendant returned and struck the host of the party. Someone then fired a handgun and multiple individuals were shot. The State maintained defendant's brother fired the handgun and argued defendant was just as responsible for the shooting as his brother. Defendant requested and was allowed a criminal trespass to residence instruction. Thereafter, the jury acquitted defendant of aggravated battery with a firearm but found him guilty of criminal trespass to residence.

¶ 12     On May 28, 2013, the trial court held a comprehensive sentencing hearing. The court revoked defendant's probation in case No. 11-CF-686 and sentenced him to concurrent prison terms of seven years on the robbery conviction and five years on the aggravated battery conviction. In case No. 12-CF-1093, the court sentenced defendant to three years for the theft conviction. In case No. 12-CF-1084, the court sentenced defendant to four years' imprisonment for his criminal trespass to residence conviction. The court also found defendant's sentences for theft and criminal trespass were statutorily required to be consecutively served. Specifically, the court found the following:

> "With regard to the two latter cases, [case Nos.] 12[-]CF[-]1093 and 1084, in those cases the Court does believe and does find that the sentences in those two cases are required to be served consecutively.
>
> In [case No.] 12[-]CF[-]1093[,] the Defendant was originally apprehended on a charge of theft, actually retail theft, on October 4, 2012. The Defendant was placed on a personal recognizance bond for that charge. That charge was later upgraded to the burglary charge that was eventually filed in [case No.] 12[-]CF[-]1093.
>
> The Court believes that in that circumstance he was on pre-trial release for a felony, because it was a retail theft and with his prior conviction for robbery, that made it a felony offense.
>
> The Court believes that the case law is clear that it doesn't matter what he's officially charged with at the time. He was on bond for what was a felony offense in [case No.] 12[-]CF[-]1093 at the time the offense in [case No.] 12[-]CF[-]1084 was committed on October 14, 2012, so the Court believes that it is required that the sentences in those two cases be served consecutively."

¶ 13     The trial court also found defendant's sentences should be served consecutively to one another in order to protect the public. Specifically, the court made the following finding:

> "The Court thinks that there is more than sufficient evidence in this record in all of these cases combined to make the finding that your history and character are such that consecutive sentences are required to protect the public from further criminal conduct that you may engage in, so the Court does believe that it is appropriate to enter sentences on all these cases which are consecutive, all three, one to the other.

* * *

- 3 -

All three of those sentences [are] ordered to be served consecutively for a complete term of 14 years in the Illinois Department of Corrections."

¶ 14    On June 21, 2013, defendant filed a motion to reconsider the sentence, which the trial court denied, stating:

"Upon reflection and reconsideration here, the court recalls discussing the fact that because of the defendant's history, and the character of the defendant, the circumstances of these offenses, particularly those that went to trial, particularly the trespass case that went to trial, and given this defendant's history, which was well documented in the presentence report, the court felt that consecutive sentences were required in order to protect the public from future criminal conduct of this defendant; and the court maintains that that was the correct finding based on this record, that the imposition of consecutive sentences was, therefore, appropriate, and so the motion to reconsider is going to be denied."

¶ 15    On December 13, 2013, this court granted defendant's petition for leave to file late notices of appeal in trial court case Nos. 12-CF-1093, 11-CF-686, and 12-CF-1084. Those cases were docketed by this court as appellate court case Nos. 4-13-0968, 4-13-0969, and 4-13-0970, respectively. Thereafter, we granted defendant's motion to consolidate the appeals.

¶ 16    This appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, defendant argues the trial court erred in finding his convictions for theft and criminal trespass to residence were required to be served consecutively. Defendant requests this court to vacate the sentences for those offenses and remand the matter for resentencing. For the reasons that follow, we find any error on the part of the trial court was harmless.

¶ 19    In this appeal, defendant calls on us to interpret section 5-8-4 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-4 (West 2012)). The primary goal in construing a statute is to ascertain and give effect to legislative intent. *People v. Wegielnik*, 152 Ill. 2d 418, 423, 605 N.E.2d 487, 489 (1992). We achieve this goal by looking at the plain meaning of the statutory language. *People v. Robinson*, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996). Where the language is clear and unambiguous, the statute must be applied without further aids of statutory construction. *Robinson*, 172 Ill. 2d at 457, 667 N.E.2d at 1307. Because statutory construction is a question of law, our standard of review is *de novo*. *Robinson*, 172 Ill. 2d at 457, 667 N.E.2d at 1307.

¶ 20    Pursuant to section 5-8-4(d) of the Unified Code, the trial court "shall impose consecutive sentences" under certain circumstances. 730 ILCS 5/5-8-4(d) (West 2012). One of those circumstances exists where "a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention in a county jail facility or county detention facility." 730 ILCS 5/5-8-4(d)(8) (West 2012). In such a situation, "the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5-8-4(d)(8) (West 2012).

¶ 21    The plain language of section 5-8-4(d)(8) of the Unified Code requires the State to charge a defendant with a felony *before* he commits a subsequent felony in order for a consecutive sentence to be considered mandatory. 730 ILCS 5/5-8-4(d)(8) (West 2012). Here, the instrument charging defendant with two felony burglary counts is dated October 17, 2012,

which is *after* defendant's October 14, 2012, felony criminal trespass occurred. While the record contains an appearance bond, dated October 4, 2012, an appearance bond is not a charging instrument. See 725 ILCS 5/111-2(a) (West 2012); *People v. Herndon*, 105 Ill. App. 3d 167, 169, 434 N.E.2d 10, 12 (1982) (a felony can only be charged by information or indictment). Moreover, the appearance bond in this case indicated defendant was charged with *misdemeanor* retail theft, not felony burglary.

¶ 22 In sum, section 5-8-4(d)(8) provides for a mandatory consecutive sentence where the State has charged the defendant with a felony prior to defendant committing a subsequent felony. See 730 ILCS 5/5-8-4(d)(8) (West 2012). That did not occur in this case. Thus, the trial court erred in relying on section 5-8-4(d)(8) when imposing the consecutive sentences. However, our analysis does not end here.

¶ 23 Section 5-8-4(c)(1) of the Unified Code provides a trial court "may impose consecutive sentences" where "it is the opinion of the court that consecutive sentences are required to protect the public from further criminal conduct by the defendant." 730 ILCS 5/5-8-4(c)(1) (West 2012). In sentencing defendant, the trial court stated consecutive sentences were necessary to protect the public and set forth its reasons on the record. Thus, the court set forth two independent and distinct bases for the imposition of consecutive sentences. As a result, even though the mandatory basis, predicated on subsection (d)(8), was erroneous, the second, discretionary basis, pursuant to subsection (c)(1), was valid. Accordingly, any error on the part of the trial court was harmless.

¶ 24 III. CONCLUSION

¶ 25 For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2014).

¶ 26 No. 4-13-0968, Affirmed.

¶ 27 No. 4-13-0969, Affirmed.

¶ 28 No. 4-13-0970, Affirmed.