THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDDY MATHEWS, Defendant-Appellant.

Fifth District    No. 5—97—0387

Opinion filed May 18, 1999.

Daniel M. Kirwan and Paige Clark Strawn, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Darrell Williamson, State's Attorney, of Chester (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

The defendant, Eddy Mathews, was charged in the circuit court of Randolph County with aggravated driving while under the influence of alcohol (DUI) and felony driving while license revoked. Mathews had been previously convicted of felony DUI and felony driving while license revoked.

This court previously reversed Mathews' conviction and remanded the cause for a new trial. *People v. Mathews*, No. 5—97—0487 (1999) (unpublished order pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23)). The basis for the reversal was that the trial court had read to the jury the entire charge, including a reference to Mathews' prior convictions for DUI and driving while license revoked, in violation of section 111—3(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111—3(c) (West 1996)). On rehearing, the State argues, and Mathews concedes, that the trial transcript was inaccurate and that the trial court had not mentioned the previous convictions when reading the charge to the jury. The parties have filed corrected copies of the relevant pages of the transcript and have filed an affidavit of the court reporter averring to the mistake in the original transcript and to the accuracy of the corrected pages. This court's previous order is therefore vacated, and we will address Mathews' remaining arguments.

The State's only witness at trial was Officer Ralph Jones. Jones testified that on November 14, 1996, he was in an alley around 9:40 p.m. when the squeal of tires caught his attention. He looked up to see a Camaro pass in front of his car. Jones followed the car and recognized the driver as Mathews, whom he knew from around town. Mathews was wearing a black leather jacket and a black hat with a chain. Jones followed the Camaro to an apartment and observed the driver and two others go inside. Jones knocked on the door and asked to speak to the driver. Mathews said, "You are." Jones testified he could tell Mathews was intoxicated from the odor of alcohol and his speech, poor balance, and manner of walking to the squad car.

Shane Rinehart, a correctional officer at the sheriff's office, testified that the dispatcher's log book indicated that Jones arrested Mathews at 8:55 p.m.

Jason Smith testified that he owned the Camaro and that Mathews could not have been driving because he had been deer hunting all day and had arrived home about 8:30 p.m. Several people, including Mathews, were already there. Smith was also wearing a black leather jacket. Jones knocked on the door shortly thereafter.

Sheila Snyder testified that she drove Mathews to Smith's apartment. Joy Smith testified that she was at Smith's apartment when

Snyder dropped Mathews off around 8:15 p.m. Shortly thereafter, Smith returned home from hunting. Jones knocked on the door around 8:45 or 8:50 p.m.

Mathews testified that he had been at Sheila Snyder's house until around 8 p.m., at which time Snyder drove him to Smith's house. Smith arrived about 15 to 20 minutes after he got there. Mathews denied driving Smith's car at any time and denied telling Jones that he had.

Mathews was convicted of aggravated DUI and felony driving while license revoked. He was sentenced to two concurrent extended-term prison sentences of six years.

Mathews argues that the evidence was not sufficient to prove him guilty beyond a reasonable doubt. Mathews contends that the only evidence that he was the driver of the car was the testimony of Officer Jones and that such testimony was not credible. Specifically, he maintains that Jones's testimony was contradicted by all of the other evidence, that Jones found the vehicle unoccupied, and that someone else admitted driving the vehicle.

■ Where a conviction is challenged based upon the sufficiency of the evidence, the reviewing court will sustain the conviction if, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Rivera*, 166 Ill. 2d 279, 652 N.E.2d 307 (1995); *People v. Collins*, 106 Ill. 2d 237, 478 N.E.2d 267 (1985). Further, it is well settled that the credibility of witnesses and the weight to be given their testimony are matters to be determined by the jury. *People v. Vazquez*, 194 Ill. App. 3d 516, 551 N.E.2d 656 (1990). With these standards in mind, we turn to a review of the evidence.

■ Jones testified that he saw a Camaro speed past the alley where he was conducting a traffic stop and that he followed it. Light from two streetlights allowed him to see three people in the car, and he was able to recognize the driver as Mathews. He followed the car to a nearby residence and observed the three people exit the car and go into the apartment. The driver was wearing a black leather jacket and a black hat with a chain. Jones knocked on the door and Mathews answered. Jones asked Mathews if Jones could speak to the driver of the Camaro, and Mathews said, "You are." Jones testified that Mathews appeared to be intoxicated. Jones also testified that he never lost sight of the driver until the driver went into the apartment. Jones further testified that he was able to identify the driver as Mathews because he had seen him around town before and that he had no doubt that Mathews had been the driver of the vehicle.

Smith and Snyder testified that Mathews had not been the driver, and Smith claimed that he had been driving the Camaro. The jury, however, found Jones's testimony to be more credible than the testimony of Smith and Snyder. Mathews contends that discrepancies in Jones's testimony, regarding the color of the car and the time of the incident, and the facts that it was dark and Jones was involved in another traffic stop all undermine Jones's credibility. The jury was aware of these facts but still chose to believe him. Reviewing the record as a whole, we conclude that a rational trier of fact could have found Jones's testimony credible. Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence from which a rational trier of fact could have found all of the essential elements of the crime beyond a reasonable doubt.

Mathews next argues that he was denied a fair trial when the prosecutor improperly argued critical facts not in evidence and improperly bolstered Officer Jones's testimony in his closing argument. He maintains that during his closing arguments the prosecutor stated that deer hunters cannot legally hunt one-half hour before sunset and that sunset in mid-November is around 5:30 or 6 p.m., implying that Smith's testimony that he got home from deer hunting at 8:30 p.m. was not credible. Mathews also maintains that the prosecutor stated: "They ran out of beer. They made a beer run about 9 [p.m.], and Eddy gets caught." There was no evidence, Mathews contends, to support either statement. Mathews further contends that the prosecutor improperly bolstered Jones's testimony by repeatedly referring to his status as a police officer and telling the jurors that they had to choose whom they wanted to believe, a convicted felon or a police officer who had no motive to lie.

■ The State contends, and Mathews concedes, that he did not object at trial, nor did he advance these arguments in his posttrial motion. They are therefore waived. See *People v. Enoch*, 146 Ill. 2d 44, 585 N.E.2d 115 (1991). Mathews acknowledges that he did not properly preserve these arguments for review, but he contends that they constitute plain error. Under Supreme Court Rule 615(a) a reviewing court can address errors that were not properly preserved for review where such errors are plain errors affecting substantial rights. 134 Ill. 2d R. 615(a). However, the plain error rule is not a general savings clause for alleged errors but is designed to redress serious injustices. *People v. Helm*, 282 Ill. App. 3d 32, 669 N.E.2d 111 (1996). It will only apply where the alleged error affected substantial rights or where the evidence was closely balanced. *People v. Keene*, 169 Ill. 2d 1, 660 N.E.2d 901 (1995). We do not believe that these arguments rise to the level of plain error. Assuming, *arguendo*, that they do, they are not so egregious as to have deprived Mathews of a fair trial.

■ Mathews also contends that trial counsel was ineffective for failing to adequately preserve this issue for review. To prove a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness, making the results of the trial unreliable, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). To demonstrate prejudice resulting from counsel's unprofessional behavior, the defendant bears the burden of proving that, but for counsel's errors, the fact finder would have had a reasonable doubt with respect to guilt. *People v. Chapple*, 291 Ill. App. 3d 574, 683 N.E.2d 1001 (1997). If a defendant cannot show prejudice, it is unnecessary for the court to determine whether counsel's performance was deficient. *People v. Straub*, 292 Ill. App. 3d 193, 685 N.E.2d 429 (1997). As noted above, the errors of which Mathews complains are not so egregious as to undermine confidence in the outcome of the trial. We need not address the question of whether counsel's performance was deficient, and Mathews' claim of ineffective assistance must fail.

■ Finally, Mathews argues that the trial court erred in sentencing him to an extended term of six years' imprisonment on the aggravated DUI charge. He contends that the language of the statute limits the maximum sentence permitted to three years' imprisonment.

Section 11—501(d)(2) of the Illinois Vehicle Code provides in pertinent part:

> "Aggravated driving under the influence of alcohol or drugs or a combination of both is a Class 4 felony for which a person, if sentenced to a term of imprisonment, shall be sentenced to not less than one year and not more than 3 years for a violation of subparagraph (A), (B)[,] or (D) of paragraph (1) of this subsection (d) and not less than one year and not more than 12 years for a violation of subparagraph (C) of paragraph (1) of this subsection (d)." 625 ILCS 5/11—501(d)(2) (West 1996).

The cardinal rule of statutory construction is to ascertain and give effect to the intention of the legislature. *People v. Woodard*, 175 Ill. 2d 435, 677 N.E.2d 935 (1997). The best indicator of that intent is the language of the statute itself. *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996). The language used by the legislature will be given its plain and ordinary meaning. *People v. Britz*, 174 Ill. 2d 163, 673 N.E.2d 300 (1996). Where the language of a statute is clear and unambiguous it will be given effect without resorting to other aids for construction. *People v. Sheehan*, 168 Ill. 2d 298, 659 N.E.2d 1339 (1995). In the present case, the language of section 11—501(d)(2) is

clear and unambiguous. A person guilty of aggravated DUI and sentenced to a term of imprisonment shall be sentenced to a term of not less than one and not more than three years. The language of the statute precludes the imposition of an extended-term sentence.

Even if the language of the statute could be considered to be ambiguous with respect to the question of whether it permitted the imposition of an extended term, the application of various rules of statutory construction would lead us to the same conclusion. Generally, statutes defining a criminal offense provide that such offense shall be a specified class of misdemeanor or felony. They do not also provide a sentence range. The sentence range is provided by section 5—8—1 of the Unified Code of Corrections (730 ILCS 5/5—8—1 (West 1996)). However, section 11—501(d)(2) of the Illinois Vehicle Code provides that aggravated DUI is a Class 4 felony and then goes on to specify a sentence range of not less than one year and not more than three years' imprisonment. We must presume that by departing from the normal sentencing scheme and including the sentencing range in the statute defining the offense, the legislature intended that sentencing for the offense of aggravated DUI be different from that normally applied to Class 4 felonies. To presume otherwise would render the phrase "shall be sentenced to not less than one year and not more than three years" meaningless surplusage, which contravenes a basic rule of statutory construction that a statute should be construed so that no word or phrase is rendered superfluous or meaningless. *People v. Gawlak*, 276 Ill. App. 3d 286, 657 N.E.2d 1057 (1995).

Under section 5—8—1(a)(7) of the Unified Code of Corrections, the sentence for a Class 4 felony is not less than one year and not more than three years' imprisonment. 730 ILCS 5/5—8—1(a)(7) (West 1996). This is the same range that is specified in section 11—501(d)(2) of the Illinois Vehicle Code. Obviously, the legislature did not intend, by virtue of the above-quoted language, to establish a sentence range for aggravated DUI different from the sentence range that is normally available for Class 4 felonies. The logical conclusion, then, is that the legislature must have intended to preclude the imposition of an extended-term sentence for aggravated DUI.

For the foregoing reasons, the judgment of the circuit court of Randolph County is affirmed, but the sentence for the aggravated DUI conviction is modified pursuant to Supreme Court Rule 366 (155 Ill. 2d R. 366) and reduced to three years' imprisonment.

February 19, 1999, Rule 23 order vacated; circuit court's judgment affirmed as modified.

WELCH and GOLDENHERSH, JJ., concur.