# Illinois Official Reports

## Appellate Court

---

### *People v. Daily*, 2016 IL App (4th) 150588

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEVIN M.S. DAILY, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0588 |
| Filed<br>Modified upon denial of rehearing | December 16, 2016<br><br>February 21, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Coles County, No. 11-CF-577; the Hon. Mitchell K. Shick, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Daaron V. Kimmel, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Brian Bower, State's Attorney, of Charleston (Patrick Delfino, David J. Robinson, and Thomas R. Dodegge, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE TURNER delivered the judgment of the court, with opinion. Presiding Justice Knecht and Justice Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1    In December 2011, the State charged defendant, Devin M.S. Daily, by information with one count of aggravated driving under the influence of alcohol (625 ILCS 5/11-501(d)(1)(F) (West 2010)), one count of aggravated driving under the influence of drugs (625 ILCS 5/11-501(d)(1)(F) (West 2010)), one count of aggravated driving under the influence of a combination of alcohol and drugs (625 ILCS 5/11-501(d)(1)(F) (West 2010)), one count of theft (720 ILCS 5/16-1(a)(1)(A) (West 2010) (text of section effective July 1, 2011)), one count of driving while license revoked (625 ILCS 5/6-303(a), (d-3) (West 2010) (text of section effective July 1, 2011)), one count of unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2010)), and unlawful possession of cannabis (720 ILCS 550/4(a) (West 2010)). In September 2013, the State filed another count of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(d)(1)(F) (West 2010)) and one count of unlawful possession of a converted motor vehicle (625 ILCS 5/4-103(a)(1) (West 2010)) against defendant. Pursuant to a plea agreement, defendant pleaded guilty to aggravated DUI and unlawful possession of a converted motor vehicle. The Coles County circuit court sentenced defendant to concurrent prison terms of 24 years for DUI and 14 years for unlawful possession of a converted motor vehicle. Defendant filed a motion to reconsider his sentence, which the court denied.

¶ 2    Defendant appeals, asserting (1) his 24-year sentence for aggravated DUI was outside the sentencing range, (2) he was entitled to 750 days of sentencing credit, (3) the assessments imposed by the circuit clerk should be vacated, and (4) he is entitled to monetary credit against his fines. We affirm in part, vacate in part, and remand the cause with directions.

¶ 3                                    I. BACKGROUND

¶ 4    All of the charges in this case relate to defendant's actions on December 10, 2010, while he was on furlough before beginning a six-year prison term for burglary (People v. Daily, No. 11-CF-425 (Cir. Ct. Coles Co.)). On that date, defendant, who was under the influence of alcohol, stole a truck and later crashed into a car, resulting in the death of the car's driver. On December 12, 2011, defendant was released from the hospital and taken to the Coles County jail. The State filed the initial seven charges against defendant on December 23, 2011. The record on appeal does not contain a warrant for defendant's arrest on the charges in this case. Moreover, the record contains no mention of bond in this case until defendant's guilty plea hearing.

¶ 5    On September 27, 2013, the State filed the last two charges of aggravated DUI and unlawful possession of a converted motor vehicle. That same day, the circuit court held defendant's guilty plea hearing. The court found defendant was subject to Class X sentencing under section 5-4.5-95(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4.5-95(b) (West 2010)) based on his prior felony convictions. Pursuant to a plea agreement, defendant pleaded guilty to aggravated DUI and theft, and the State agreed to cap its sentence recommendation at 21 years for aggravated DUI and 7 years for theft and seek the dismissal of the other charges, as well as the charges in Coles County case Nos. 11-DT-228 and 11-DT-338. The court accepted defendant's guilty plea and the terms of the parties' plea agreement. Thereafter, the prosecutor asked for a bond to be set so defendant would be brought back to Coles County upon his release from prison. It was noted defendant had received notice

of a bond payment in one of his cases. Defense counsel clarified bond had not been set in this case because defendant was taken directly from the hospital to jail to serve his prison term for burglary. The circuit court ordered defendant "held without bond for purposes of sentencing."

¶ 6 At defendant's December 27, 2013, sentencing hearing, the parties noted defendant had pleaded guilty to the wrong count. Instead of the theft charge, defendant was to have pleaded guilty to unlawful possession of a converted motor vehicle. The circuit court vacated defendant's guilty plea to the theft charge, and defendant pleaded guilty to unlawful possession of a converted motor vehicle. At the conclusion of the hearing, the court sentenced defendant to concurrent prison terms of 24 years for aggravated DUI and 14 years for unlawful possession of a converted motor vehicle. The court also ordered defendant to pay $5500 in restitution; a $100 Violent Crime Victims Assistance Fund fine; a $5 drug court fee; and a $1000 fee to the Mattoon police department, which is the DUI equipment fine (625 ILCS 5/11-501.01(f) (West 2010)). The court dismissed the remaining counts. Defense counsel asked for 746 days of sentencing credit, which the court denied because defendant was in prison on another conviction during that period. On December 30, 2013, the court issued the written sentencing judgment, which is also referred to as the mittimus.

¶ 7 On January 27, 2014, defendant filed a motion to reconsider his sentence, asserting his sentence was excessive and he was not subject to Class X sentencing. After a September 22, 2014, hearing, the circuit court denied defendant's motion. Defendant appealed, and upon the parties' agreed motion, this court remanded the cause for a new proceeding in strict compliance with Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014). *People v. Daily*, No. 4-14-0861 (Feb. 23, 2015) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 8 On remand, defendant filed an amended motion to reconsider his sentence, again arguing his sentences were excessive and he was not subject to Class X sentencing. Defense counsel filed a Rule 604(d) certificate. After a July 14, 2015, hearing, the circuit court denied defendant's amended motion to reconsider his sentence.

¶ 9 On July 21, 2015, defendant filed a timely notice of appeal, which stated a judgment date of December 27, 2013. On August 7, 2015, defendant filed an amended notice of appeal in compliance with Illinois Supreme Court Rules 606 (eff. Dec. 11, 2014); 303(b)(5) (eff. Jan. 1, 2015). Accordingly, this court has jurisdiction of this appeal under Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014).

¶ 10 II. ANALYSIS

¶ 11 A. Sentencing Range

¶ 12 Defendant challenges his 24-year prison term for aggravated DUI, asserting his sentence was improper because the sentencing range was 3 to 14 years in prison. The State disagrees, contending defendant was subject to Class X sentencing based on his prior convictions. Defendant's argument raises an issue of statutory interpretation, and thus our review is *de novo*. *People v. Millsap*, 2012 IL App (4th) 110668, ¶ 27, 979 N.E.2d 1030.

¶ 13 In this case, defendant pleaded guilty to aggravated DUI under section 11-501(d)(1)(F) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-501(d)(1)(F) (West 2010)). Section 11-501(d)(2)(G) of the Vehicle Code (625 ILCS 5/11-501(d)(2)(G) (West 2010)) provides a violation of section 11-501(d)(1)(F) "is a Class 2 felony, for which the defendant, unless the court determines that extraordinary circumstances exist and require probation, shall be

sentenced to: (i) a term of imprisonment of not less than 3 years and not more than 14 years if the violation resulted in the death of one person." Section 5-4.5-95(b) of the Unified Code (730 ILCS 5/5-4.5-95(b) (West 2010)) provides, in pertinent part, the following:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender. This subsection does not apply unless:
>
> > (1) the first felony was committed after February 1, 1978 (the effective date of Public Act 80-1099);
> >
> > (2) the second felony was committed after conviction on the first; and
> >
> > (3) the third felony was committed after conviction on the second."

The sentencing range for Class X felonies is a prison term "of not less than 6 years and not more than 30 years." 730 ILCS 5/5-4.5-25(a) (West 2010). It is undisputed defendant's felonies in this case and his prior convictions meet the requirements of section 5-4.5-95(b) of the Unified Code. Thus, both statutes apply in this case and both use mandatory language.

¶ 14 The fundamental rule of statutory construction requires courts to ascertain and give effect to the legislature's intent. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 180, 950 N.E.2d 1136, 1146 (2011). The statutory language, given its plain and ordinary meaning, best indicates the legislature's intent. *Pappas*, 242 Ill. 2d at 180, 950 N.E.2d at 1146. Moreover, "[a] court must construe statutes relating to the same subject matter with reference to one another so as to give effect to the provisions of each, if reasonable." *Harris v. Thompson*, 2012 IL 112525, ¶ 25, 976 N.E.2d 999. "A court presumes that the legislature intended that two or more statutes which relate to the same subject are to be read harmoniously so that no provisions are rendered inoperative." *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 458-59, 781 N.E.2d 261, 267 (2002). Another fundamental rule of statutory construction is "where there exists a general statutory provision and a specific statutory provision, either in the same or in another act, both relating to the same subject, the specific provision controls and should be applied." *Knolls Condominium Ass'n*, 202 Ill. 2d at 459, 781 N.E.2d at 267. When the statutory language is clear and unambiguous, a court must give effect to the statute's plain meaning without resorting to extrinsic statutory-construction aids. *Pappas*, 242 Ill. 2d at 180, 950 N.E.2d at 1146.

¶ 15 In support of his argument, defendant cites the Fifth District's decision in *People v. Mathews*, 304 Ill. App. 3d 514, 711 N.E.2d 435 (1999). In *Mathews*, 304 Ill. App. 3d at 519, 711 N.E.2d at 438, the defendant argued the circuit court erred in sentencing him to an extended term of six years' imprisonment on his aggravated DUI under section 11-501(d)(2) of the Vehicle Code (625 ILCS 5/11-501(d)(2) (West 1996)) because the language of the statute limited the maximum sentence permitted to three years' imprisonment. The *Mathews* court found the language of section 11-501(d)(2) was clear and unambiguous and precluded the imposition of an extended-term sentence because the provision expressly provided a term of imprisonment shall be not less than one and not more than three years. *Mathews*, 304 Ill. App. 3d at 519-20, 711 N.E.2d at 439. The Fifth District further noted that, even if the statute was ambiguous, it would reach the same conclusion, finding the legislature's departure from the

normal sentencing scheme showed the legislature's intent that the sentencing for the offense of aggravated DUI be different from that normally applied to Class 4 felonies. "To presume otherwise would render the phrase 'shall be sentenced to not less than one year and not more than three years' meaningless surplusage, which contravenes a basic rule of statutory construction that a statute should be construed so that no word or phrase is rendered superfluous or meaningless." *Mathews*, 304 Ill. App. 3d at 520, 711 N.E.2d at 439.

¶ 16        The State notes that, in *People v. McCormick*, 339 Ill. App. 3d 641, 648, 791 N.E.2d 112, 117-18 (2003), the First District disagreed with *Mathews*, stating the following:

> "We believe the Fifth District Appellate Court's holding that the legislature intended to preclude imposition of extended-term sentences for aggravated DUI creates an anomalous interpretation of both section 11-501(d)(2) and the extended-term statute, and that when properly viewed in the context of the entire sentencing scheme, section 11-501(d)(2) does not preclude the application of an extended-term sentence."

The First District noted the extended-term statute made no exception for felonies arising out of the Vehicle Code, and thus, once a person has committed any felony offense, the extended-term statute could be invoked. *McCormick*, 339 Ill. App. 3d at 649-50, 791 N.E.2d at 118. Such a result allowed both statutes to be given effect and function in a harmonious manner. *McCormick*, 339 Ill. App. 3d at 650, 791 N.E.2d at 118. Moreover, the *McCormick* court found the extended-term sentencing provision's purpose of punishing and deterring recidivist behavior was not at odds with the inclusion of aggravated DUI within the statute's purview. *McCormick*, 339 Ill. App. 3d at 650, 791 N.E.2d at 118-19. Additionally, it would be absurd to exempt third and subsequent DUI offenses from the possibility of an extended-term sentence, as it "would give recidivist drunk drivers assurances that no increased penalties could be incurred for any subsequent convictions following a third DUI offense." *McCormick*, 339 Ill. App. 3d at 650, 791 N.E.2d at 119. Last, the First District pointed out legislative comments to an amendment, which eliminated the sentencing range in the aggravated DUI provision after the *Mathews* decision, showed the legislature never intended to preclude the imposition of extended-term sentences for aggravated DUI offenses. *McCormick*, 339 Ill. App. 3d at 650, 791 N.E.2d at 119. Like the *McCormick* court, we do not find the analysis in *Mathews* persuasive.

¶ 17        This case deals with a habitual criminal statute that mandates Class X sentencing for repeat offenders who meet its requirements. It does not contain any language exempting convictions under the Vehicle Code, and the Vehicle Code as a whole does not show a legislative intent to exempt its felony provisions from the provisions of the Unified Code. The plain language of the aggravated DUI provision at issue indicates a legislative intent to punish more severely those whose crime results in death, and the habitual criminal statute punishes those who commit that crime as qualifying recidivists harsher than the normal offender. Thus, the habitual criminal statute is not at odds with the aggravated DUI provision. The habitual criminal statute is the more specific provision as it applies to a limited group of recidivists that meet its numerous requirements. Defendant's interpretation of the two provisions renders the habitual criminal statute inapplicable to all offenses that contain a specific sentencing range. Reading the two provisions in harmony results in the aggravated DUI sentencing range applying in most cases unless the defendant meets the requirements of the habitual criminal provision. Moreover, we note our supreme court recently applied the Class X sentencing provision of the habitual criminal statute to a defendant convicted of aggravated DUI. See

*People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 30. Accordingly, we agree with the circuit court that defendant was subject to Class X sentencing under section 5-4.5-95(b) of the Unified Code, and thus his 24-year sentence fell within the appropriate sentencing range.

¶ 18                                B. Sentencing Credit

¶ 19      Defendant next asserts he is entitled to sentencing credit under section 5-4.5-100(b) of the Unified Code (730 ILCS 5/5-4.5-100(b) (West 2010) (formerly codified at 730 ILCS 5/5-8-7(b) (see Pub. Act 95-1052, §§ 5, 95 (eff. July 1, 2009)))) from December 12, 2011, the day he was discharged from the hospital and taken to the Coles County jail, to and including December 30, 2013, the date the circuit court entered the written sentencing judgment. The State asserts defendant was not in custody on this case during that period of time. This court reviews *de novo* the calculation of the number of days a defendant served in presentence custody because the resolution of that issue does not require deference to the circuit court's reasoning. *People v. Gomez*, 409 Ill. App. 3d 335, 341, 947 N.E.2d 343, 349 (2011).

¶ 20      Section 5-4.5-100(b) of the Unified Code (730 ILCS 5/5-4.5-100(b) (West 2010)) provides, in pertinent part, "the offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed." Our supreme court has held the day the circuit court issues the mittimus counts as a day of the defendant's sentence, and since the defendant is entitled to have that day counted only once, the day of the issuance of the mittimus should not be counted as a day of presentence custody. *People v. Williams*, 239 Ill. 2d 503, 509, 942 N.E.2d 1257, 1261 (2011).

¶ 21      In support of his argument he should receive sentence credit from the date he was taken to jail, defendant cites *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996). In *Robinson*, 172 Ill. 2d at 462-63, 667 N.E.2d at 1310, our supreme court determined that, when a defendant is in simultaneous custody on two unrelated charges, section 5-8-7(b) entitles the defendant to sentencing credit on both offenses. The *Robinson* court noted that, "other than the custody requirement, there are no additional conditions which limit the application of section 5-8-7(b)." *Robinson*, 172 Ill. 2d at 462, 667 N.E.2d at 1310. There, while the defendant was released on bond, he was arrested for an unrelated offense and taken into custody. *Robinson*, 172 Ill. 2d at 454-55, 667 N.E.2d at 1306. After the defendant's arrest on the new charge, the court increased the defendant's bond, and the defendant then surrendered in exoneration of the bond. *Robinson*, 172 Ill. 2d at 455, 667 N.E.2d at 1306. The supreme court concluded that, once the defendant surrendered in exoneration of the first bond, he was in simultaneous pretrial custody on both charges and entitled to presentence credit on the first offense. *Robinson*, 172 Ill. 2d at 459, 463, 667 N.E.2d at 1308, 1310.

¶ 22      Defendant committed the offenses in this case on December 10, 2011, while out on a furlough from a prison sentence. On December 12, 2011, the hospital discharged defendant, and he was taken to jail. The record contains no warrant for the charges in this case. On December 23, 2011, the State filed the seven original charges in this case. The State later filed the two charges to which defendant pleaded guilty in September 2013. At defendant's September 27, 2013, guilty plea hearing, defense counsel stated bond was never set in this case as defendant was taken directly from the hospital to jail to serve the prison sentence for which he was furloughed. The circuit court then stated defendant would be held without bond for purposes of sentencing. Thus, the record indicates defendant was not in custody on the charges

in this case until September 27, 2013, when the court held defendant without bond. Contrary to defendant's assertion, if he had been released from prison on the conviction before the circuit court ordered him held without bond, defendant would not have remained in custody on the charges in this case because a warrant was never issued for the charges in this case. See *People v. Johnson*, 401 Ill. App. 3d 678, 684, 937 N.E.2d 190, 195 (2010) (noting that, "once the complaint was filed and the warrant issued, even if [the defendant]'s previous incarceration had suddenly ended, he still would have been held in custody on the warrant").

¶ 23    Citing the Third District's decision in *People v. Chamberlain*, 354 Ill. App. 3d 1070, 1075, 822 N.E.2d 914, 918 (2005), defendant suggests the mere filing of charges in a subsequent case while a defendant is in custody on another case results in a defendant being in simultaneous custody in both cases. However, we agree with the Second District's interpretation of *Chamberlain*, which states the following: "In a case such as *Chamberlain*, where the defendant is already serving a sentence on an unrelated offense, it is when he or she is charged, because, at that time, the defendant would be unable to be released because of the *outstanding warrant and his or her failure to post bond on the new charge*." (Emphasis added.) *Johnson*, 401 Ill. App. 3d at 683, 937 N.E.2d at 194. To the extent *Chamberlain* may be interpreted to hold the mere filing of a charge in a subsequent case is sufficient for a person to be in custody on that charge absent a warrant and the setting of bond, we disagree with that holding. Accordingly, we find defendant is only entitled to sentencing credit for the period of September 27, 2013, to December 29, 2013, which is a total of 94 days. Thus, we remand the cause for an amended sentencing judgment reflecting defendant's 94 days of sentencing credit.

¶ 24                                C. *Per Diem* Credit

¶ 25    Defendant also requests that, if this court finds he is entitled to sentencing credit, then he should also be awarded the $5-per-day credit under section 110-14(a) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110-14(a) (West 2010)). Section 110-14(a) of the Procedure Code provides the following: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." 725 ILCS 5/110-14(a) (West 2010). The State concedes this issue. We agree. See *People v. Bennett*, 246 Ill. App. 3d 550, 551-52, 616 N.E.2d 651, 651-52 (1993) (awarding the credit to a defendant in custody on a bailable offense but held without bond by the circuit court). Thus, defendant is entitled to a credit of $470 against his eligible fines.

¶ 26                           D. Circuit Clerk Imposed Fines

¶ 27    Defendant asserts this court should vacate the fines imposed on him by the circuit clerk because they are void. The fines for which defendant seeks vacatur are the following assessments: $95 "fine," $50 "Court," $10 "Medical Costs," $30 "Lump Sum Surcharge," $10 "Child Advocacy Fee," and $8 "State Police Ops." The State agrees with defendant's aforementioned contention. Defendant also seeks vacatur of the $2 "SA [State's Attorney] Automation Fee" because it was a fine or not in effect at the time of his offense. The State disagrees with that argument. The propriety of the imposition of fines and fees presents a question of law, which this court reviews *de novo*. *People v. Guja*, 2016 IL App (1st) 140046, ¶ 69, 51 N.E.3d 970.

¶ 28    "Although circuit clerks can have statutory authority to impose a fee, they lack authority to impose a fine, because the imposition of a fine is exclusively a judicial act." (Emphases omitted.) *People v. Smith*, 2014 IL App (4th) 121118, ¶ 18, 18 N.E.3d 912. Thus, "any fines imposed by the circuit clerk are void from their inception." *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56, 10 N.E.3d 959.

¶ 29    We recognize the Illinois Supreme Court abolished the "void sentence rule" established in *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995), which held any judgment failing to conform to a statutory requirement was void. *People v. Castleberry*, 2015 IL 116916, ¶ 1, 43 N.E.3d 932. The *Castleberry* opinion does not change the outcome here. Fines imposed by the circuit clerk are still void, and we have jurisdiction to rule on any amount improperly imposed. See *People v. Gutierrez*, 2012 IL 111590, ¶ 14, 962 N.E.2d 437 (stating "the appellate court had jurisdiction to act on void orders of the circuit clerk"). Moreover, a void judgment can be challenged " 'at any time or in any court, either directly or collaterally.' " *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103, 776 N.E.2d 195, 201 (2002) (quoting *Barnard v. Michael*, 392 Ill. 130, 135, 63 N.E.2d 858, 862 (1945)).

¶ 30    We agree with the parties the following are fines: $95 unspecified fine; the $50 court finance assessment (*Smith*, 2014 IL App (4th) 121118, ¶ 54, 18 N.E.3d 912); the $10 medical costs assessment (*Larue*, 2014 IL App (4th) 120595, ¶ 57, 10 N.E.3d 959); the $30 lump sum surcharge (*People v. Warren*, 2016 IL App (4th) 120721-B, ¶ 129, 55 N.E.3d 117); the $10 child advocacy fee (*People v. Jones*, 397 Ill. App. 3d 651, 660, 921 N.E.2d 768, 775 (2009)); and the $8 State Police operations assessment (*Millsap*, 2012 IL App (4th) 110668, ¶ 31, 979 N.E.2d 1030). Thus, the assessments were improperly imposed by the circuit clerk. Accordingly, we vacate those fines. However, we decline the State's request to remand the case for the circuit court to impose the mandatory fines. This court agrees with the Third District's conclusion our supreme court's decision in *Castleberry*, 2015 IL 116916, ¶ 25, 43 N.E.3d 932, prevents a remand for the imposition of the statutorily mandated fines because that act would result in an impermissible increase in the defendant's sentence on appeal. *People v. Wade*, 2016 IL App (3d) 150417, ¶ 13. The State is not without recourse, as it may file a petition for a writ of *mandamus* seeking to have the circuit court impose the statutorily mandated fines. See *Wade*, 2016 IL App (3d) 150417, ¶ 13.

¶ 31    As to the State's Attorney automation fee, we continue to follow our decision in *Warren*, 2016 IL App (4th) 120721-B, ¶ 115, 55 N.E.3d 117. There, we held that, because the legislature intended the assessment to reimburse the State's Attorneys for their expenses related to automated record-keeping systems, the assessment was not punitive in nature and thus constituted a fee. Moreover, we found "the circuit clerk could properly impose the assessment against defendant, even though the provision authorizing the assessment became law after defendant committed the offenses charged in this case." *Warren*, 2016 IL App (4th) 120721-B, ¶ 115, 55 N.E.3d 117. Thus, we do not vacate the $2 State's Attorney automation fee.

¶ 32                                    III. CONCLUSION
¶ 33    For the reasons stated, we vacate the imposition of the following assessments: $95 "fine," $50 "Court," $10 "Medical Costs," $30 "Lump Sum Surcharge," $10 "Child Advocacy Fee," and $8 "State Police Ops." We affirm the judgment of the Coles County circuit court in all other respects and remand the cause for an amended sentencing judgment consistent with this

- 8 -

order. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 34　　　　Affirmed in part and vacated in part; cause remanded with directions.