NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180091-U

NO. 4-18-0091

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 14, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| CARTER M. PUCKETT, | ) | No. 12CF1214 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court. Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court reversed, concluding postconviction counsel failed to substantially comply with Illinois Supreme Court Rule 651(c)(eff. Feb. 6, 2013), where counsel failed to amend defendant's postconviction petition to allege that appellate counsel provided ineffective assistance of counsel by failing to challenge defendant's sentence as excessive.

¶ 2    The State charged defendant, Carter M. Puckett, with aggravated driving under the influence. Defendant was eligible for an extended sentence because he had a prior Class X driving under the influence (DUI) conviction less than 10 years earlier. After a stipulated bench trial, the court found defendant guilty and sentenced him to 45 years in prison. On appeal, this court affirmed the decision, but the Illinois Supreme Court vacated our decision and remanded for reconsideration in light of *People v. Castleberry*, 2015 IL 116916, 43 N.E.3d 923. *See People v. Puckett*, No. 118892 (Jan. 20, 2016). On remand, this court again affirmed defendant's

sentence, holding that *Castleberry* did not apply. *People v. Puckett*, 2016 IL App (4th) 130219-U, ¶ 17.

¶ 3    Defendant filed a *pro se* postconviction petition and the trial court appointed postconviction counsel, who subsequently filed an amended petition on defendant's behalf. The State filed a motion to dismiss which the court granted in part. However, the court advanced two claims to a stage three evidentiary hearing. After an evidentiary hearing, the court denied defendant's petition.

¶ 4    Defendant appeals, arguing postconviction counsel violated Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) by failing to amend defendant's *pro se* postconviction petition to include an allegation that appellate counsel provided ineffective assistance of counsel by failing to make, on appeal, an excessive-sentence claim. For the following reasons, we reverse the trial court's judgment.

¶ 5                                    I. BACKGROUND

¶ 6    On July 29, 2012, at 1:51 AM, Rantoul police officer Matthew Bross saw defendant twice drive across the center line and improperly travel in the center turn lane. Officer Bross observed that defendant had watery, bloodshot, and red eyes; slurred speech; and breath that smelled like alcohol. Defendant said he drank four beers and three shots four hours earlier. Field sobriety tests indicated defendant was impaired. Officer Bross arrested defendant and took him to the Rantoul Police Department, where Rantoul police officer Orvel Stuckemeyer subjected defendant to a breath test. At approximately 2:52 AM, defendant's breath alcohol concentration (BAC) measured 0.151 grams of alcohol per 210 liters of breath, which is a BAC of 0.151.

¶ 7		The trial court found defendant guilty of aggravated DUI after a stipulated bench trial. At sentencing, defendant challenged the presentence investigation report (PSI), arguing some of the listed prior convictions were incorrectly attributed to him. While the court found the PSI report reliable, the court found defendant's testimony incredible: "[T]he Court does believe that each of those convictions that [Puckett] says are not him, in fact, are him. And I don't have any reason to doubt the accuracy of the presentence investigation." The court took judicial notice of a prior Class X DUI conviction the State introduced during the sentencing hearing. Defendant testified and admitted he did have a prior Class X DUI conviction. The court found defendant eligible for an extended-term sentence and sentenced him to 45 years in the Illinois Department of Corrections.

¶ 8		On appeal, this court affirmed the trial court's decision, rejecting defendant's argument that the prior Class X DUI conviction should be considered a Class 1 conviction for sentencing purposes. *People v. Puckett*, 2015 IL App (4th) 130219-U, ¶¶ 1, 12, 22. The Illinois Supreme Court vacated and remanded for reconsideration in light of *Castleberry*, 2015 IL 116916. *See People v. Puckett*, No. 118892 (Jan. 20, 2016). On remand, this court determined that *Castleberry* did not apply and again rejected defendant's argument, holding that the 2007 Class X DUI conviction "was of record and authorized by statute when entered." *People v. Puckett*, 2016 IL App (4th) 130219-U, ¶ 17.

¶ 9		Defendant's *pro se* postconviction petition mailed May 17, 2017, contained five ineffective assistance of counsel allegations. The petition alleged ineffective assistance of counsel (1) for failing to raise the issues in the petition; (2) because defendant's extended term sentence was based on incompetent evidence; (3) for failing to seek a sentencing cap before proceeding to a stipulated bench trial; (4) due to constitutional violations at sentencing where the

judge considered unreliable information in the PSI; and (5) because counsel told defendant that pleading guilty would prevent the State from introducing evidence of his prior DUI convictions, yet the State discussed his prior convictions at length at the sentencing hearing. Defendant attached a Department of Corrections printout of his profile and an affidavit stating he misspoke at the sentencing hearing when he agreed his prior conviction was Class X, that counsel said pleading guilty would prevent the State from introducing his prior DUI convictions, and that he would not have pled guilty if he knew that that to be untrue. Defendant also attached a letter from trial counsel explaining to him the prior convictions she found and communicating a 32-year offer from the State.

¶ 10     The trial court appointed counsel, who subsequently filed an amended petition arguing that the trial court violated defendant's rights by relying on a non-existent prior Class X felony, and that the appellate court compounded the error on appeal. Absent from the record in this case is a Rule 651(c) certificate or any reference to postconviction counsel filing a Rule 651(c) certificate. See Ill. S. Ct. R. 652(c) (eff. Feb. 6, 2013).

¶ 11     In its answer and motion to dismiss the petition, the State argued that the record contradicted defendant's claim and *res judicata* barred it. The State attached copies of the information, judgment order, and sentencing order from Champaign County case No. 07-CF-2163, defendant's Class X DUI conviction. Following a hearing, the court advanced claims 3 and 5 to an evidentiary hearing and dismissed the prior Class X DUI conviction claim as a matter of law.

¶ 12     During the hearing, defendant testified that trial counsel discussed possible offers from the State and the minimum and maximum sentence. He believed counsel was ineffective for not seeking a sentencing cap. He also thought that if he took the State's offer, the State could

not mention his prior DUI convictions. Defendant testified that he did not recall counsel telling him that the State offered a 32-year cap in exchange for a guilty plea. Defendant also testified that he did not recall any offer before agreeing to the stipulated bench trial. Defendant said his most recent prior DUI was a Class 2, not a Class X. He once again challenged some of the prior convictions included in the PSI. He testified that he thought his maximum sentence was 30 years; however, he acknowledged that counsel told him the range was 6 to 60 years in prison. He insisted that counsel told him the State would not use his prior convictions as aggravation.

¶ 13        Katie Jessup, defendant's trial counsel, testified that she researched all of defendant's prior convictions, including the convictions that defendant disputed. Jessup testified that she communicated the State's offer, which was a 32-year cap in exchange for a guilty plea. Jessup testified that defendant did not want to plead guilty but also did not want to go to trial. The only option left was a stipulated bench trial, with an opportunity to contest the priors at sentencing. Jessup repeatedly communicated to defendant, verbally and in writing, that he was subject to the extended sentencing range of 6 to 60 years in prison. Jessup denied telling defendant that the State would not be able to introduce his prior convictions at sentencing.

¶ 14        While the court found defendant's testimony vague and incredible, it found Jessup's testimony reliable. Ultimately, the court denied defendant's petition, finding defendant failed to establish ineffective assistance of trial counsel.

¶ 15        Defendant filed a timely notice of appeal, then a motion to dismiss the appeal in order to file a motion to reconsider. Once heard, the trial court denied defendant's motion to reconsider.

¶ 16        This appeal followed.

¶ 17                                II. ANALYSIS

- 5 -

¶ 18     On appeal, defendant argues that his postconviction counsel violated Rule 651(c) where counsel's amended petition failed to include an allegation that appellate counsel provided ineffective assistance of counsel by failing to make, on appeal, an excessive-sentence claim. We agree.

¶ 19     The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) enables a defendant to challenge his conviction or sentence for substantial deprivation of his federal or state constitutional rights. *People v. Whitfield*, 217 Ill. 2d 177, 183, 840 N.E.2d 658, 663 (2005). To be entitled to postconviction relief, a defendant must demonstrate that he suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that led to the challenged conviction or sentence. *Whitfield*, 217 Ill. 2d at 183.

¶ 20     As to postconviction petitions, the Act provides three distinct stages. At the first stage, the trial court has 90 days to review the petition and may dismiss it if the court finds it frivolous. 725 ILCS 5/122–2.1(a)(2) (West 2000). If the petition is not dismissed within that 90-day period, the court must docket the petition for further consideration. 725 ILCS 5/122-2.1(b) (West 2000).

¶ 21     At the second stage, if defendant is indigent and requests counsel, the court shall appoint counsel. 725 ILCS 5/122-4 (West 2000). Pursuant to Rule 651(c), counsel's duties include consultation with the defendant to ascertain his constitutional right deprivation contentions, examination of the trial proceedings' record, and amendment of the petition, if necessary, to ensure that defendant's contentions are adequately presented. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 22     Once counsel makes any necessary amendments to the petition, the State may move to dismiss the petition. 725 ILCS 5/122-5 (West 2000). If that motion is

- 6 -

denied, or no motion to dismiss is filed, the State must answer the petition, and, barring the allowance of further pleadings by the trial court, the proceeding then advances to the third stage, a hearing where defendant may present evidence in support of the petition. 725 ILCS 5/122-6 (West 2000).

¶ 23        In postconviction proceedings, a defendant is statutorily guaranteed reasonable assistance of counsel. *People v. Hardin*, 217 Ill. 2d 289, 299, 840 N.E.2d 1205, 1212 (2005) ("The right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by the Post-Conviction Hearing Act. [Citation.] We have labeled that level 'reasonable' assistance. [Citation.]."). Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013) places three obligations on postconviction counsel to ensure defendants receive reasonable assistance. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402 (2007). Postconviction counsel must: (1) consult with petitioner either by mail or in-person to ascertain his constitutional rights deprivation contentions; (2) examine the record of the trial court proceedings; and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions. *Perkins*, 229 Ill. 2d at 42; Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). Rule 651(c) exists to ensure postconviction counsel shapes the defendant's claims into proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44.

¶ 24        Here, the record lacks a Rule 651(c) certificate. However, substantial compliance satisfies Rule 651(c); where counsel substantially complied with Rule 651(c), a certificate is not necessary. *People v. Profit*, 2012 IL App (1st) 101307, ¶¶ 18-19. Substantial compliance is demonstrated by a "clear and affirmative showing of

compliance on the record." *People v. Richardson*, 382 Ill. App. 3d 248, 256, 888 N.E.2d 553, 560 (2008). When considering appointed counsel's compliance with Rule 651(c), we undertake *de novo* review. *Perkins*, 229 Ill. 2d at 41.

¶ 25 Defendant argues postconviction counsel failed to substantially comply with Rule 651(c) where counsel failed to amend defendant's *pro se* petition to include a claim that appellate counsel provided ineffective assistance of counsel by failing to attack, on appeal, defendant's "very lengthy sentence." Further, defendant asserts his sentence "disregards the facts of the case, the mitigating evidence, and the constitutional directive of restoring offenders to useful citizenship." To support his assertion, defendant points out that the crime involved no violence and minimal property damage.

¶ 26 In response, the State argues that "to succeed on a claim of ineffective assistance of appellate counsel, defendant must show that the failure to raise a particular issue was objectively unreasonable and that the decision prejudiced the defendant." Moreover, the State goes on to assert that "unless the underlying issues are meritorious defendant has suffered no prejudice from counsel's failure to raise it on appeal."

¶ 27 In *People v. Suarez*, 224 Ill. 2d 37, 52, 862 N.E.2d 977, 985 (2007), the supreme court declined "to hold that noncompliance with Rule 651(c) may be excused on the basis of harmless error." In reaching that determination, the court indicated Rule 651(c) analysis is "driven, not by whether a particular defendant's claim is potentially meritorious, but by the conviction that where postconviction counsel does not adequately complete the duties mandated by the rule, the limited right to counsel conferred by the Act cannot be fully realized." *Suarez*, 224 Ill. 2d at 51; see also *People v. Russell*, 2016 IL App (3d) 140386, ¶ 12, 52 N.E.3d 714 ("[W]here postconviction counsel failed to

fulfill the duties of Rule 651(c), remand is required, regardless of whether the claims raised in the petition had merit."); *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 44, 82 N.E.3d 683 ("Under Rule 651(c), the issue is not whether the defendant's claims have merit or whether he can later establish substantial prejudice.").

¶ 28 The supreme court made clear it is the responsibility of the trial court, rather than a reviewing court, to determine a postconviction claim's ultimate merit. See *Suarez*, 224 Ill. 2d at 48, 51-52 (quoting *People v. Johnson*, 154 Ill. 2d 227, 246, 609 N.E.2d 304, 313 (1993)) (stating the trial court, and not a reviewing court has a duty " 'to determine on the basis of a complete record whether the post-conviction claims require an evidentiary hearing' " and noting it had "refused to address questions that are properly determined in the first instance by the circuit court").

¶ 29 Thus, the appropriate inquiry, here, is not whether defendant's excessive-sentence claim lacked merit, an inquiry properly reserved for the trial court, but whether postconviction counsel was required, under Rule 651(c), to amend defendant's petition to include the claim. A postconviction claim may have arguable merit, but, ultimately, be judged by the trial court to lack sufficient merit justifying relief. It is for the trial court, not the appellate court, to determine the postconviction claim's ultimate merit. See *Suarez*, 224 Ill. 2d at 48, 51-52. Accordingly, we reject the State's suggestion that this court should determine the claim's ultimate merit.

¶ 30 The State also describes the excessive-sentence claim as "frivolous or spurious." A claim is frivolous and patently without merit only if it has "no arguable basis either in law or in fact, relying instead on an indisputably meritless legal theory or a fanciful factual allegation." (Internal quotation marks omitted.) *People v. Boykins*, 2017

- 9 -

IL 121365, ¶ 9, 93 N.E.3d 504. "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *People v. Hodges*, 234 Ill. 2d 1, 16, 912 N.E.2d 1204, 1212 (2009). Also, "[f]anciful factual allegations include those which are fantastic or delusional." *Id.* at 17. Defendant argues that an excessive-sentence challenge to his 45-year sentence for aggravated DUI would not be frivolous or patently without merit.

¶ 31    Regarding sentencing, "[t]he Illinois Constitution provides penalties are to be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." *People v. Daly*, 2014 IL App (4th) 140624, ¶ 26, 21 N.E.3d 810 (citing Ill. Const. 1970, art. I, § 11). "This constitutional mandate calls for balancing the retributive and rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation." *Id.* "Nonetheless, the seriousness of the offense, rather than any mitigating evidence, is the most important factor in sentencing." (Internal quotation marks omitted.) *People v. Wheeler*, 2019 IL App (4th) 160937, ¶ 38, 126 N.E.3d 787.

¶ 32    "The trial court's imposition of a sentence is given great deference because the trial court is in the best position to consider the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *Id.* ¶ 39. "However, the appellate court was never meant to be a rubber stamp for the sentencing decisions of trial courts" and we "may disturb a sentence within statutory limits if the trial court abused its discretion in imposing a sentence." *Daly*, 2014 IL App (4th) 140624, ¶ 26. A sentence within statutory limits is excessive and an abuse of the court's discretion "when it is greatly at variance with the spirit and purpose of the law, or

- 10 -

manifestly disproportionate to the nature of the offense." *People v. Brunner*, 2012 IL App (4th) 100708, ¶ 40, 976 N.E.2d 27.

¶ 33         As an initial matter, we note defendant has a significant and disturbing criminal history, including multiple DUI convictions. However, that DUI history, and not the specific circumstances surrounding the DUI in this case, ultimately formed the basis for both charging defendant with a Class X felony offense and finding him eligible for extended-term, Class X sentencing. In fact, as defendant points out, the traffic stop leading to the DUI charge in this case was prompted by minor traffic violations. Thus, while aggravated DUI is no doubt a serious offense, the underlying circumstances in this case were not particularly egregious. We also observe defendant's 45-year sentence was exponentially longer than the 3-, 5-, and 6-year prison sentences he received in connection with his prior DUI convictions.

¶ 34         In our review of Illinois case law, defendant's 45-year sentence is significantly longer than sentences imposed in any other DUI case, even those that involved multiple prior DUI convictions, death, or serious bodily injury. See *People v. Tatera*, 2018 IL App (2d) 160207, ¶ 72, 103 N.E.3d 1059 (aggravated DUI defendant with nine prior DUI convictions sentenced to eight years in prison); *People v. Morrow*, 2014 IL App (2d) 130718, ¶ 20, 39 N.E.3d 44 (aggravated DUI defendant with seven prior DUI convictions sentenced to 13 years' imprisonment); *People v. Dryden*, 2015 IL App (2d) 130683-U, ¶¶ 6, 10, 12 (aggravated DUI defendant with 9 to 11 prior DUI convictions sentenced to 20 years' imprisonment); *People v. Vanderark*, 2012 IL App (2d) 110044-U, ¶¶ 7, 11 (aggravated DUI defendant with nine prior DUI convictions sentenced to 16 years' imprisonment); *People v. Weiser*, 2013 IL App (5th) 120055, ¶ 38,

993 N.E.2d 614 (aggravated DUI defendant, whose offense involved the death of four people, sentenced to 20 years in prison); *People v. Daily*, 2016 IL App (4th) 150588, ¶ 17, 74 N.E.3d 15 (aggravated DUI defendant, whose offense involved the death of one person, sentenced to 24 years in prison). In fact, our research shows that the next longest sentence to the one imposed here for an aggravated DUI offense was for 30 years—a sentence that is still 15 years shorter than the one defendant received. See *People v. Bahrs*, 2015 IL App (4th) 130697-U, ¶ 27.

¶ 35 Frankly, we find defendant's prior history of DUIs to be alarming and supportive of a significant prison sentence. However, we also find it is at least arguable that his 45-year sentence was excessive. Moreover, because defendant's excessive-sentence claim is neither frivolous nor patently without merit, it was "necessary" within the meaning of Rule 651(c) for postconviction counsel to amend defendant's *pro se* petition to include such a claim. Accordingly, we find postconviction counsel failed to provide defendant with a reasonable level of assistance and remand the matter to the trial court. On remand, defendant is entitled to the appointment of new counsel to file a second amended postconviction petition asserting ineffective assistance of appellate counsel for failing to make an excessive-sentence claim. New counsel should also file a certificate as required by Rule 651(c).

¶ 36                                      III. CONCLUSION

¶ 37 For the reasons stated, we reverse the trial court's judgment.

¶ 38 Reversed.